NICHOLAS P. MYERS, PLAINTIFF IN ERROR, VS. JASPER ROBERTS, DEFENDANT IN ERROR.

1. Where a party to a suit has the depositions of an opposite party taken in accordance with the statute (McClellan's Digest, sec. 18, p. 516), and filed among the papers of the case, they do not thereby become a part of the record, so that a referee before whom the case is being tried should take judicial notice of them, without their being offered for his consideration.

2. If a party, having taken such depositions as are referred to in the preceding head-note, desires the benefit of them on trial, he should offer them in evidence, and if he desires a review of them in this court, should bring them here by bill of exceptions, unless they are included in the record of the proceedings in the case kept by the referee.

3. Depositions of the character alluded to in the preceding head-notes are not a part of the record of the case, but are only depositions or instrument of evidence; and if not made a part of a bill of exceptions, or record kept by a referee, but are improperly put into the record, an appellate court will disregard them.

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the Court.

*Miller & Spencer*, for Plaintiff in Error.

*Bullock & Burford*, for Defendant in Error.

LIDDON, J.:

The defendant in error was the plaintiff in the Circuit Court, and in an action of ejectment recovered a judgment against the plaintiff in error, who was defendant below. The points necessary to be determined do not require any statement of the pleadings or facts of the case. Practically only one assignment of error is made, *i. e.*, that the court erred in refusing to render a judgment for defendant, and in rendering one for the plaintiff. The plaintiff proved his title by patent from the United States directly to himself. The defendant expressly declined to offer any evidence, but rested his defense upon the insufficiency of the plaintiff's proofs, and claimed that according to the evidence and the record, the defendant was entitled to judgment. The defendant had, before the case was referred, filed interrogatories in accordance with the statute then in force (sec. 18 *et seq.*, p. 516 McClellan's Digest) for the plaintiff, and claimed that the answers of the plaintiff to these interrogatories showed that the plaintiff had before action brought sold and conveyed by deed the land in dispute. The depositions of the plaintiff on such interrogatories, and what purported to be a copy of such a deed, had been filed among the papers in the case. They were not presented to the referee, and there is nothing whatever in the record to

show that he ever saw them. It is claimed, however, that such depositions were on file, and were part of the record in the case, and that the referee should have taken judicial notice of them without their having been offered for his consideration. This contention can not be sustained. These depositions were not, any more than any other depositions, a part of the record, and no duty devolved upon the referee to hunt them up. If the matter of them would have been of any benefit to the defendant he should have offered them in evidence before the referee, and if he desired a review of them in this court, should have brought them here by bill of exceptions. Jacksonville, T. & K. W. Ry. Co. vs. Peninsular, Land, Trans. & Manf'g Co., 27 Fla. 1, 9 South. Rep. 661. We find in the transcript of the record what purports to be copies of such depositions, and deed attached to the same, but being improperly brought here (there being no bill of exceptions) we can not consider them. In this case there is no formal bill of exceptions, but the referee kept a record of his proceedings at the trial, including the testimony and exceptions to the rulings taken by the different parties, which dispenses with the necessity of a bill of exceptions. Stewart vs. Mathews, 19 Fla. 752. This record kept by the referee shows that the depositions in question were not offered before him at all. The statute under which the interrogatories were filed and depositions taken does not define or establish their legal effect. The most that can be said of them is, that they are depositions or instruments of evidence in the case. They are not a part of the record. Elliott on Appellate Procedure, § 202. If such matters are improperly put in the transcript, the appellate court will disregard them. Ibid, § 196. Depositions can not be

considered when set out in the record without being incorporated into a bill of exceptions, which is the only proper way of making them a part of the record. In the case of Burk vs. Clark, 8 Fla. 9, text 12, this court has said: "There are in the record several sets of depositions which are apparently applicable to this case, but this court has repeatedly ruled that evidence brought forward in this loose way is wanting in that degree of verity which is necessary to commend it to consideration, and that such verity is attainable only by its incorporation into a bill of exceptions properly attested by the signature of the judge who may have presided at the trial of the cause." Proctor vs. Hart, 5 Fla, 465; Waterson vs. Seat and Crawford, 10 Fla. 326; Tompkins vs. Eason, 8 Fla. 14; McKay vs. Friebele, Ibid 21; Price vs. Sanchez, Ibid 136; Pine vs. Anderson, 22 Fla. 330. The case of Roberts vs. Parrish, 17 Oregon 583, text 588, was very much like the present case. The depositions of the plaintiff were taken by the defendant under a statute somewhat like ours. The court held that they were not a part of the record. See also Mills vs. Simmonds, 10 Ind. 464; Templeton vs. Hunter, Ibid, 380; Harvey vs. Sinker, 35 Ind. 341; P., Ft. W. & C. Ry. vs. Probst, 30 Ohio St. 104.

The evidence before the referee was sufficient to warrant his finding in favor of the plaintiff. There is no error in the record, and the judgment is affirmed.