Major Holding Corporation v. William M. Butler

190 So. 15
Division B
Opinion Filed June 16, 1939

*Mitchell D. Price & Charles W. Zaring* and *A. Louis Mechlowitz,* for Appellant;

*Shipp, Evans & Kline,* for Appellee.

PER CURIAM.—William M. Butler owned Lot 16 and 17 of Peacock's Resubdivision of Lots 2 and 3 of Block 16 of Erickson's Addition to the City of Miami, a mortgage on which property was foreclosed by L. Godelph.

Thereafter, on October 21, 1935, L. Godelph and William M. Butler entered into a contract whereby the property was leased to Butler from that date to and including September 30, 1937. The consideration for the lease was payment by the lessee of $100.00 on execution of the contract, $50.00 on November 15, 1935, and $50.00 on the 15th of each month thereafter up to and including September 15, 1937, and payment of all taxes, levies, liens and assessments of every kind imposed thereon. The lease also provided that at any time between August 1, 1937, and September 30, 1937, the lessee should have the option to purchase the property for $3,774.75, provided the lessee has performed all covenants and conditions of the lease, and at least ten days notice of his intention to exercise said option is given accompanied by payment of $100.00; and all payments made under the lease shall be credited on the purchase price of the property, less an allowance for interest at the rate of 6%, and a mortgage shall be given for the balance due.

On August 17, 1936, William M. Butler, lessee, filed his amended bill of complaint against the Major Holding Corporation, the grantee of the property and the assignee of the lease, and D. C. Coleman, as sheriff, praying that (1) defendants be enjoined from proceeding further to dispossess plaintiff from the property, (2) that the court determine the amount the Major Holding Corporation is entitled to recover of plaintiff and (3) that the forfeiture of the lease be set aside, the lease be reinstated and plaintiff be allowed to retain possession of the premises.

A motion to dismiss the amended bill and a motion to strike certain portions thereof, were both denied by the court.

Decree *pro confesso* was entered against the defendant Major Holding Corporation on January 4, 1937.

Upon motion made, the court ordered the name of D. C. Coleman as Sheriff, stricken as a party defendant; and appointed Hon. Claude M. Barnes as Special Master to take testimony, to make findings of fact and law and to report the same to the court.

Testimony was taken before the Special Master on November 17, 1937, and he made his report to the court recommending that the court enter final decree in the cause in favor of plaintiff and order the property deeded to plaintiff upon his complying with the terms of the contract; and that he be allowed $50.00 as a Special Master's fee.

Upon final hearing before the Chancellor, on March 3, 1938, final decree was entered ordering that the decree *pro confesso* be confirmed and the report of the Special Master be approved; finding the equities to be with the plaintiff; finding that the lease, containing an option to purchase, is a valid contract and plaintiff has not forfeited his rights thereunder, that plaintiff is entitled to possession of the property, and ordering the lease reinstated and the right of plaintiff to possession of the property confirmed and established; finding that Major Holding Corporation, at the time it acquired title to the property had full knowledge of the lease and of the option to purchase, and that in June, 1936, plaintiff tendered to Major Holding Corporation the full amount necessary to purchase the property according to the terms of the option, which tender was refused under the illegal claim that plaintiff had forfeited his right under the contract, dispossessed plaintiff, took possession of the property and is holding the same adversely to plaintiff;

finding that the Major Holding Corporation from the illegal ouster to November 9, 1937, has collected $736.68 as rent from the property, and since said date has colleced approximately $80.00 per month or a total of $320.00, which rightfully belongs to plaintiff.

The final decree ordered in effect that plaintiff be put in possession of the property, that the Major Holding Corporation issue plaintiff a good and sufficient warranty deed for the property, and plaintiff execute and deliver to Major Holding Corporation a note and mortgage on the property for $2,614.57, with interest at 6%, prepared in accordance with the provisions of the lease, which amount is to be reduced when delivery of the certified check for $133.00 payable to defendant is delivered to defendant and by payment of any taxes not covered in the final decree.

Petition for rehearing was denied.

Defendant took an appeal from the final decree.

A decree *pro confesso* has the effect of confessing only those facts which are properly alleged, but does not aid or supplement a bill which does not state a good cause of action.  Kiel v. West, 21 Fla. 508; see also Price v. Boden, 39 Fla. 218, 22 So. 657; Hale v. Yeager, 57 Fla. 442, 49 So. 544; Orlando v. Equitable Bld'g & Loan Ass'n, 45 Fla. 507, 33 So. 986.

The sole purpose of this appeal then is to ascertain whether the amended bill of complaint contained allegations sufficient upon which the relief sought and granted by the final decree could be predicated.

The second amended bill alleged the execution of the lease, the terms thereof, and the assignment thereof, on May 8, 1936, to the Major Holding Corporation.  The second amended bill then alleged:

"* * * that on May 8th, 1936, L. Godelph assigned said lease to the defendant, Major Holding Corporation; that

prior to May 8th, 1936, the buildings located on said property became damaged and unfit for occupancy, by reason of wind storm damage suffered in November, 1935; whereupon L. Godelph failed and neglected to repair said buildings and authorized plaintiff to make necessary repairs and to deduct the costs thereof from any rentals due; that plaintiff made said repairs and defendant permitted plaintiff to retain the rental due in a sum sufficient to cover said repairs; that plaintiff further entered into an agreement with L. Godelph whereby plaintiff was relieved of the payment of City of Miami taxes at the time required in the lease, and that plaintiff was in default in the payment of said taxes with the knowledge and consent of L. Godelph; that immediately after taking the assignment of L. Godelph, the defendant, Major Holding Corporation, claimed a default against plaintiff by reason of the unpaid rentals and taxes prior to May 8th, 1936, and did give plaintiff notice to vacate said premises; that defendant, Major Holding Corporation, thereupon instituted suit in the County Judge's Court for the dispossession of plaintiff, having refused the tender of the money which they claimed to be due by having accelerated the total amount due under said lease; and claimed in said notice that plaintiff was due to the defendant, Major Holding Company, the amount of $1021.22, which sum included $33.72 for taxes, both City, State and County, for the year 1935, and $137.50 for arrears in rent, and $850.00 for all payments accelerated; that Major Holding Company acquired said contract by assignment on May 8th, 1936, and that there was due to said Major Holding Company nothing under said contract, because there were no arrearages which had accrued to the said Major Holding Company, and the amount of arrearages claimed by the said Major Holding Company, if any was due, was due to L. Godelph, and, under

an agreement between the said L. Godelph and the plaintiff, these arrearages were not to be insisted upon, by reason of the fact that the premises had been damaged by the storm on November 4, 1935, and the said L. Godelph had agreed with plaintiff that if the plaintiff would repair the damages, namely the erection of a new roof on the property, that he would be relieved from the payment of city taxes, and that the amount he would be due for rent should be applied to the sum which he had expended for said repairs; plaintiff laid out the sum of $109.00 in repairing the property; and that subsequent to said storm the plaintiff paid the said Godelph the following sums of money, on the sum of $154.50; * * * and that, therefore, there was no arrearages due to any one on said property."

These are the only allegations in the amended bill explaining the reasons for plaintiff's default and arrearage, and although they successfully explain the reason for arrearage in rent due L. Godelph and the default in paying City taxes, they do not purport to explain whether there was any default in State and county taxes on the property or to explain why such default existed. From the allegations it may be inferred that such default did exist. The lessor had a right under the lease to reenter the premises for default in payment of any tax, but so far as this record is concerned failed to exercise that right, and by choosing another option provided in the lease precluded it from later exercising this one.

The lease provided the following options to the lessor in case of any default on the part of the lessee:

"It is further understood and agreed by and between the parties that on the breach by the Lessee of any of the covenants to pay rent, taxes, insurance premiums and charges promptly at the time and in the manner hereinabove set forth, (the time for the payment of money required

and referred to in this instrument being in every instance of the essence), the Lessor may, upon such default continuing for five (5) days, at his option, *terminate and end this lease* and reenter upon the property whereupon the term hereby granted and, at the Lessor's option, all right, title or interst under it shall end and the Lessee shall become a tenant at sufferance, or else said Lessor may, at his option, *elect to declare the entire rent* for the balance of the term, or any part thereof, *due and payable forthwith* and may proceed to collect the same, either by distress or otherwise; and thereupon the said term shall terminate at the option of the lessor, or else the said Lessor may *take possession of the premises and rent the same for the account of the Lessee, \* \* \*.*" (Emphasis supplied.)

The amended bill of complaint alleges the exercise of the option by the Lessor of declaring the entire contract due, in the following language:

"\* \* \* that plaintiff, when he received the notice from the Major Holding Company, that they had exercised the option of declaring the contract due, that plaintiff immediately notified said Major Holding Company that he was ready, able and willing to pay the full amount of rent that might be due under said contract, and also that he was ready and desired to exercise the option of purchase, and this plaintiff was ready, able and willing to pay the entire purchase price of said property, and tendered the same to the said Major Holding Company; but the said Major Holding Company refused to accept the same, and stated that they would not accept, but that they wanted to take the property."

In support of this allegation of the amended bill, a letter addressed to William M. Butler, written by the Major Holding Corporation, signed by A. Louis Mechlowitz as Secretary, was introduced in evidence, showing that the

assignee of the lease, the Major Holding Corporation, chose the second option provided in the contract of accelerating all payments due under the lease. The letter, after notifying Butler that he was in arrears and that the Corporation had purchased the property from L. Godelph, contained the following:

"You will therefore please take notice that under said lease and under the notice heretofore served upon you, you are in arrears in the payment of rent for the above described premises in the amount of $1021.22, which sum includes $33.72 for taxes, both city and state and county, for the year 1935, $137.50 for arrears and $850.00 for all payments accelerated. You will further take notice that unless said sum is paid within three days from the date of the service of this notice you will vacate the premises within said three days removing therefrom all of your effects and all persons claiming possession under you, which premises are more particularly described as: * * *."

In support of the allegation quoted above, there was testimony tending to show that on or about the date this letter was written, June 6, 1936, plaintiff tendered defendant all the money that was due, but that Mr. Mechlowitz, Secretary of the Corporation, refused to accept it, and that plaintiff was accompanied by a Mr. Rifkin who was to pay out the money, and who had the money with him.

At the time the tender was made, plaintiff notified the Corporation that he wished to exercise his option to purchase the property. However, at that time, plaintiff did not have the right to exercise the option to purchase because such option was not to be exercised until the months of August and September of 1937; but such claim by plaintiff should have been considered notice of intention to exercise the option to purchase. The acceptance of the tender of these payments could not be refused by the Cor-

poration after it had elected which option it chose to proceed under and had accelerated all payments for the balance of the term. Such acceptance of the sum demanded would then entitle plaintiff to remain in possession of the property for the remainder of the term, so long as not in default in any other particular mentioned in the lease. Then when August 1, 1937, arrived, plaintiff would have had the right, if not otherwise in default at that time, to have the conveyance of the property made to him. At the time the amended bill was filed plaintiff was not then entitled to the conveyance, and the final decree could not have properly so found, unless, the amended bill, some time after August 1, 1937, had been properly amended to show this fact and that plaintiff was not in default in any material particular mentioned in the lease and all payments required had been made. The record shows that the Special Master had not begun to take testimony at this time.

In this light then, that part of the final decree awarding conveyance of the property to plaintiff and ordering plaintiff to give a mortgage and note to defendant for the balance of the purchase price, was premature. The way is thus left open for plaintiff, by appropriate proceedings, to ask for conveyance of the property, showing by proper allegations performance of all conditions precedent. The final decree is in all other respects affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.