WILLIAM M. BUTLER, Petitioner, v. MAJOR HOLDING CORPORATION, Respondent.

200 So. 96'
Division A
Opinion Filed October 4, 1940
Rehearing Denied En Banc, February 4, 1941

*H. H. Eyles* and *Irving Ellsworth Lewis,* for Petitioner; *A. Samuel Bender, A. Louis Mechlowitz* and *Mitchell D. Price* and *Charles W. Zaring,* for Respondent.

PER CURIAM.—This case is before us on petition for writ of certiorari to certain orders of the chancellor below entered after issuance of our mandate in this same cause, affirming the final decree below in all respects, except as to matters prematurely decided, and leaving the way open for plaintiff, by appropriate proceedings, to ask for conveyance of the property, showing by proper allegations performance of all conditions precedent.

For the former decision here see Major Holding Corporation v. Butler, 138 Fla. 633, 190 So. 15. Butler had a lease on a certain described piece of property extending from October 21, 1935, to September 30, 1937. The lease provided that Butler had an option to purchase the property at any time between August 1, 1937, and September 30, 1937, provided he had performed all covenants and conditions of the lease and had given at least ten days notice of his intention to exercise the option to purchase, accompanied by payment of $100.00. For certain alleged defaults the defendant corporation exercised its option of declaring the entire amount under the contract due, and Butler notified the defendant corporation that he was ready, able and willing to pay the full amount due under the contract, and tendered the same to the corporation; and that he was ready and desired to exercise the option to purchase. The exercise of the option to declare the entire rent due was by letter dated June 6, 1936. The notice of intention to exercise the option to purchase was made shortly after that, the original bill of complaint was filed July 2, 1936, and was amended August 17, 1936. Decree *pro confesso* against defendant corporation was confirmed by the final decree. On appeal of that case here we said:

"At the time the tender was made, plaintiff notified the corporation that he wished to exercise his option to purchase

the property. However, at that time, plaintiff did not have the right to exercise the option to purchase because such option was not to be exercised until the months of August and September of 1937; but such claim by plaintiff should have been considered notice of intention to exercise the option to purchase. The acceptance of the tender of these payments could not be refused by the corporation after it had elected which option it chose to proceed under and had accelerated all payments for the balance of the term. Such acceptance of the sum demanded would then entitle plaintiff to remain in possessoin of the property for the remainder of the term, so long as not in default in any other particular mentioned in the lease. Then when August 1, 1937, arrived, plaintiff would have the right, if not otherwise in default at that time, to have the conveyance of the property made to him. At the time the amended bill was filed plaintiff was not then entitled to the conveyance, and the final decree could not have properly so found, unless the amended bill, some time after August 1, 1937, had been properly amended to show this fact and that plaintiff was not in default in any material particular mentioned in the lease and all payments required had been made. The record shows that the special master had not begun to take testimony at this time.

"In this light, then, that part of the final decree awarding conveyance of the property to plaintiff and ordering plaintiff to give a mortgage and note to defendant for the balance of the purchase price, was premature. The way is thus left open for plaintiff, by appropriate proceedings, to ask for conveyance of the property, showing by proper allegations performance of all conditions precedent. The final decree is in all other respects affirmed."

After the mandate went down to the lower court, the chancellor granted plaintiff leave to file amendments to the amended bill of complaint. The amended bill was amended

to conform to the terms of the mandate; that is, it covered the period of time beginning with the date when the notice of intention to exercise the option to purchase was given, on or about June 6, 1936, down to and including August 1, 1937.

An answer was permitted to be filed covering not only the period covered by the amendment to the amended bill, but also answering allegations contained in the original amended bill, upon which final decree had been entered, and which portion of the final decree had been affirmed on appeal here. Motion to strike the answer was overruled.

Motion was made (1) to limit the taking of testimony to Butler's right to specific performance of the lease contract, and (2) that the special master should accept the final decree heretofore entered in this case as binding upon the parties (a) as to any default by plaintiff under the terms of said lease, and (b) as to the balance remaining due and unpaid upon the purchase price of said lands as of the date of the final decree. The motion was denied and the court appointed a special master to take testimony without limitation as to the scope of the inquiry, the only limitation being the time for taking testimony.

It is apparent that the order of the chancellor denying the motion to strike the answer, was not in conformity with the essential requirements of law, in so far as the answer undertook to answer the original amended bill of complaint, and to make an issue of matters that had been litigated and decided by the former final decree and the affirmance thereof here. Under the former decision herein, there remained as issuable facts, to be alleged by plaintiff and admitted or denied by defendant, those matters occurring after the date that Butler gave notice of his intention to exercise the option to purchase (which was on or shortly after June 6, 1936), and down to and including the date the option could have

been exercised (which was August 1, 1937), relating to plaintiff's right to have a conveyance made to him of the property in question under the option provision in said lease.

All other matters were settled by the former final decree and its affirmance here. If the answer had been properly restricted in its scope, it might not have been necessary, but would have been wise for the chancellor also to have limited the scope of inquiry to be made in taking testimony before the special master by entering an order so defining the issue.

The writ of certiorari is granted. Since the orders complained of are not found to be in conformity with the essential requirements of law, they are severally quashed; such further proceedings may thereafter be had as are not inconsistent with the views herein expressed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—This case is before us again. For former decisions herein see Major Holding Corporation v. Butler, 138 Fla. 633, 190 So. 15 (decided June 16, 1939), and Butler v. Major Holding Corporation, 145 Fla. 549, 200 So. 96 (decided October 4, 1940).

In the original case of Butler v. Major Holding Corporation in the trial court, Butler alleged in his amended bill that when Major Holding Corporation exercised its option of declaring the entire contract due, plaintiff immediately notified defendant corporation that he was ready, able and

willing to pay the full amount of rent that might be due under said contract, and also that he was ready and desired to exercise the option of purchase; and that plaintiff was ready, able and willing to pay the entire purchase price of said property, and tendered same to defendant corporation, but defendant refused to accept same and stated that it wanted the property.

The amended bill prayed that defendant be restrained from dispossessing him; that the said sums due defendant be determined; that the lease be reinstated and plaintiff be entitled to retain possession of the property; and plaintiff also prayed for all other, further and different relief, both general and special, to which he is entitled and which to the court shall seem meet.

Decree *pro confesso* was entered against defendant corporation for failure to plead or answer in the time allotted. This decree *pro confesso* was confirmed by the final decree. The final decree also found that plaintiff in June, 1936, tendered to the defendant the full amount necessary to purchase said property according to the terms of the option, and that defendant corporation refused to accept the tender and refused to comply with the terms of the option agreement under an illegal claim that plaintiff had forfeited his rights under the contract. The final decree held that defendant corporation should execute to plaintiff a warranty deed conveying the property, upon plaintiff either executing to defendant notes and a mortgage on the property in the sum of $2,614.57, or by tendering defendant cash in the sum of $2,481.57.

On appeal here we held in Major Holding Corporation v. Butler, 138 Fla. 633, 190 So. 15 (decided June 16, 1939), that the final decree was affirmed in all respects, except as to the finding that the option to purchase was exercised in conformity with the terms of the contract. We held that it

was prematurely exercised, but that such premature exercise was notice of intention to exercise the option at the proper time. In other words, that final decree settled the rights of the parties at that time as to all matters adjudicated by that final decree, except as to the exercise at the proper time of the option to purchase, which we held was prematurely exercised. That final decree found in effect that at the time plaintiff made the tender to defendant Corporation in June, 1936, there existed no default on plaintiff's part, in any material particular, such as would preclude him from exercising his option to purchase. That part of the final decree was affirmed here. It thus became the law of the case and is not now controvertible.

The case was then remanded and the way left open for plaintiff, by appropriate proceedings, to amend his amended bill to show performance of all conditions precedent. This did not mean that issues settled by that final decree were to be reopened and retried. Only that space of time between the tender made by plaintiff and the date when the option could have been exercised was in controversy in regard to performance of conditions precedent. Performance of such conditions precedent prior to the tender made by plaintiff had been settled by the final decree below and the decision on appeal here.

The decision in the case of Butler v. Major Holding Corporation, 145 Fla. 549, 200 So. 96 (decided October 4, 1940), is therefore in entire accord with the decision rendered in the case of Major Holding Corporation v. Butler, 138 Fla. 633, 190 So. 15 (decided June 6, 1939), and the petition for rehearing is denied.

It is so ordered.

Brown, C. J., Whitfield, Terrell, Buford and Chapman, J. J., concur.

Thomas and Adams, J. J., not participating.