ALLEN, Judge.
This is an appeal from a final decree in a suit for dissolution of a partnership and other relief. E. Lee Parker sued his brother, L. H. Parker, Beltone Hearing Aid Company, and Roy H. Brewton, seeking to dissolve an alleged partnership between the brothers and to obtain an accounting of partnership profits. Defendant Parker counterclaimed for sums of money allegedly due him from plaintiff under a previous agreement. After hearing testimony, the Chancellor granted the claim of each party which resulted in the net sum to plaintiff of $688. From this judgment the plaintiff appeals.
The plaintiff alleged the business relationship of him and his brother, defendant Parker, in some detail, but the essence of the pleading was that the brothers had been partners under a written agreement and that defendant Parker had terminated the partnership but failed to account for plaintiff’s forty-nine per cent share of the partnership profits. Defendant Brewton was eventually dismissed from the suit, and the corporate defendant never actively participated. Therefore, all references to “defendant” hereinafter shall be to defendant Parker.
Defendant’s answer denied the essential allegations of the complaint, including the existence of a partnership. Defendant then counterclaimed on the basis of an agreement that plaintiff had made with him that the plaintiff would pay him $10 for each hearing aid unit purchased by plaintiff from Beltone Hearing Aid Company, for whom defendant then worked; that plaintiff purchased 337 such units but paid defendant nothing; and that plaintiff therefore owed defendant $3,370.
The plaintiff replied to the counterclaim by a general denial. However, after testimony was taken, plaintiff sought to amend this reply by affirmatively alleging accord and satisfaction, laches, estoppel, statute of limitations and waiver. Such amendment was not permitted by the Chancellor.
The final decree granted each brother’s claim. It found plaintiff to be due $4,058 under the partnership agreement and found defendant to be due $3,370 under the prior commission agreement. The decree then required defendant to pay plaintiff the balance of $688.
The appellee filed a motion to strike a deposition from the record and portions of appellant’s brief and appendix which quote from such deposition. The ground of the motion is based on the fact that the record does not show that the deposition was introduced into evidence.
A deposition is not a part of evidence before the court unless made so pursuant to the rules of evidence and the rules of court. For this reason, the motion of the appellee is granted. Myers v. Roberts, 35 Fla. 255, 17 So. 358; 10 Fla. Jur., Depositions, § 45, p. 218; Florida Rules of Civil Procedure, Rule 1.21, 30 F.S.A.
The record divulges conflicts in many material aspects in the evidence adduced, and on a question of fact an appellate court will not reverse a decision of the chancellor when the record divulges a conflict of the testimony before him.
The appellant argues that the court erred in refusing to permit him to amend his reply to the defendant’s counterclaim by setting up the affirmative defenses of satisfaction and accord, laches, equitable estoppel and statute of limitations, and combining such question with the further question that the court should have denied defendant’s counterclaim. Rule 1.15(b) of Florida Rules of Civil Procedure permits amendments to conform with the evidence when issues not raised by the pleadings are tried by express or implied consent of the parties, and such amendments as may be necessary to cause them to conform with the evidence and to raise these issues may be made upon the motion of any party at any time.
*895 The trial judge, by a memorandum opinion signed September 10, 1957, made a determination of the facts in this case. On September 17, 1957, the defendant filed a motion to amend his answer to raise the issues of laches, estoppel, etc.
The trial court, on an order signed the 23rd day of October, 1957, denied the motion to amend the answer filed by the plaintiff to the defendant’s counterclaim.
The court, in a supplemental memorandum opinion, said:
“The plaintiff, by his motion for leave to amend, is attempting to interpose several affirmative defenses. Each of these defenses is in the nature of a plea of confession and avoidance. The burden of proof under such pleas rest upon the pleader. In the instant case the plaintiff consistently denied the agreement to pay $10.00 per instrument purchased. Nowhere in the record has the plaintiff by affirmative evidence confessed the agreement and then sought to avoid the same by legal defense now sought. There does not appear substantial competent evidence in the record to support plaintiff’s motion for leave to amend his reply to the counterclaim; therefore, the motion is denied.”
A review of the evidence does not reveal that the lower court committed error in denying the plaintiff’s motion to amend his answer to the defendant’s counterclaim after the taking of evidence had been closed in this case. We do not find evidence in the record upon which issues sought to be raised by the amendments would be proper.
The lower court is affirmed.
Affirmed.
ICANNER, C. J., and KNOTT, JAMES R., Associate Judge, concur.