O’CONNELL, Justice.
Petitioner, R. L. Bernardo & Sons, Inc. petitioned this Court to review the decision of the District Court of Appeal, First District, reported in Fla.App., 134 So.2d 297. As a reader of the reported decision will discover, the district court actually issued two opinions, the second being rendered on petition for rehearing addressed to the first opinion.
We issued the writ and have heard argument of counsel.
The facts and history of this cause are fully delineated in the opinions of the district court and we will not repeat them here.
Petitioner contends that the above cited decisions, and in particular the decision *477 rendered bn rehearing, are in direct conflict with the opinion of this Court in Myers v. Roberts, 1895, 35 Fla. 255, 17 So. 358, and the opinion of the Second District Court of Appeal in Parker v. Parker, Fla.App.1959, 109 So.2d 893.
We agree.
As is seen from a reading of the opinions of the district court one of the' issues before the chancellor and the district court was whether Duncan, plaintiff in the trial court and respondent here, was an ad valorem taxpayer, and a second issue was whether it was necessary that he be such in order to maintain this action which sought return of certain monies to the municipality of Panama City.
The chancellor found that Duncan had neither alleged nor proved that he was a taxpayer of said City and determined that it was unnecessary that he be an ad valorem taxpayer in order to maintain the suit.
In its originál opinion the district court repeated the chancellor’s finding that Duncan had neither alleged nor proved his status as an ad valorem taxpayer and then said:
“ * * * Our review of the record leads us to a contrary conclusion. During the course of the proceedings Bernardo took Duncan’s deposition. In his deposition Duncan testified that he was a citizen, resident and freeholder of Panama City. He testified that the property owned by him was occupied as his home, the assessed valuation of which exceeded the homestead tax exemption allowed by the Constitution * * *. We fail to find where this evidence was controverted and therefore it must be accepted as true. * ⅜ * ” Fla.App., 134 So.2d, p. 304.
The district court stated that since the record affirmatively established that Duncan was an ad valorem taxpayer it was unnecessary for it to decide whether the chancellor erred in holding- that “ * * * as an assumed payer of excise taxes plaintiff was qualified to institute and maintain this action.” Fla.App., 134 So.2d, p. 304.
In its opinion on rehearing the district court acknowledged that Duncan’s deposition above mentioned was not introduced in evidence at the trial.
It recognized and affirmed “ ⅜ * * the established rule of law that a deposition is not a part of the evidence before the court unless made so pursuant to the rules of evidence and the rules of court.” Fla.App., 134 So.2d, p. 306. In support of the last quoted statement the district court cited the very two cases, Parker v. Parker, Fla.App., 109 So.2d 893, supra, and Myers v. Roberts, 35 Fla. 255, 17 So. 358, supra, with which petitioner alleges conflict.
The district court then proceeded to justify its original opinion in which it utilized Duncan’s deposition, even though not in evidence, to find that Duncan was an ad valorem taxpayer. It reasoned that, for the purposes of deciding motions for summary final decree, the deposition had been before the chancellor on two occasions; on those occasions the deposition had been accepted by the chancellor and the parties as evidence of Duncan’s status as a taxpayer; no objection was made by Bernardo-as to the admissibility of Duncan’s testimony given in the deposition; under these circumstances the chancellor could have properly used the deposition in arriving at his-, final decision, although the decree was not rendered on the motions for summary decree and although the deposition had not been introduced in evidence at the final' hearings; and that, therefore, since the chancellor could have used the deposition as-evidence it was proper for the district court to do so.
In the Myers and Parker cases, supra, both opinions held that a deposition may not be considered by a court unless it is introduced into evidence. In each case-the depositions involved had not been introduced into evidence and in each the appellate court ruled that the trial court *478 could not use them in arriving at its decision.
In the instant case the deposition was not introduced into evidence yet the district court held it could be used as evidence.
The “sameness” of facts in this case, and in the Myers and Parker cases, is not destroyed by the fact that in the instant case the'deposition by rule of court, F.R.Civ.P. 1.36(c), 30 F.S.A., was on two occasions properly before the court on motion for summary final decree.
Although announcing adherence to the rule of law pronounced and followed in the Myers and Parker cases, the district court used it, if at all, to reach a different result upon essentially the same facts. This constitutes sufficient conflict to give this Court jurisdiction of this cause. Florida Power & Light Co. v. Bell, Fla.1959, 113 So.2d 697.
The chancellor was correct in not considering Duncan’s deposition on final hearing. The district court erred in holding that it could be considered as evidence.
It is true that F.R.Civ.P. 1.36(c) allows the chancellor or trial judge acting on a motion for summary judgment or decree to consider “the pleadings, depositions and admissions on file, together with the affidavits, if any.” However, this rule does not have the effect of placing such documents, or their contents, in evidence for all purposes in the trial. The rule merely gives the trial judge or chancellor authority to consider such documents on such a motion without requiring that they be introduced in evidence. If any such matters are to be considered as evidence in other stages in a cause they must be introduced into evidence.
The deposition involved here, according to the district court’s opinions, was never introduced in evidence.
We have settled the only issue presented to us in the briefs and record before us.
Our decision will now require that the district court decide whether the chancellor erred in deciding that it was not necessary that Duncan be an ad valorem taxpayer in order to maintain this suit and have such further proceedings as it may determine to be necessary.
For the reasons above expressed so much of the decision of the district court of appeal as is in conflict herewith is hereby quashed and the cause remanded for further proceedings.
It is so ordered.
ROBERTS, C. J., and THORNAL, CALDWELL and HOBSON (retired), JJ., concur.