WIGGINTON, Acting Chief Judge.
On the appeal of this cause five points were presented for consideration. Among the points urged for reversal was one assaulting the ruling of the chancellor which found appellee, as plaintiff in the trial court, to be a taxpayer authorized to maintain this action against the City of Panama City and its contractor.
This suit was one for declaratory decree in which it is alleged among other things that the City had made an unlawful disbursement of funds to its contractor, Bernardo, contrary to the terms and provisions of the plans and specifications approved for the project on which bids were invited and the contract awarded, and also contrary to the bond resolution which formed the basis of the securities to be sold for financing the project.
The complaint alleges that plaintiff is a citizen, freeholder and resident of the City of Panama City and owns, among other property, a described parcel of real estate on which plaintiff resides as his home. This allegation of the complaint is specifically denied in the answer filed by Bernardo. Prior to the taking of testimony in the case Bernardo took plaintiff’s deposition in which he testified that the described real property on which he resided was located in the City of Panama City and had an assessed evaluation in excess of the homestead exemption allowed by law. At a later stage of the proceedings the parties stipulated in writing that the allegation of the complaint with respect to plaintiff’s status as a citizen, resident and freeholder of the City of Panama City is true. The deposition given by plaintiff with respect to the assessed valuation placed upon the real estate owned by him was not offered in evidence during the trial, nor was other testimony in corroboration thereof adduced. It is conceded that no testimony to the contrary was introduced by Bernardo, nor does any controverting testimony appear in the record.
By the final decree entered in this cause the chancellor found that the complaint fails to allege, and the proof fails to establish, that plaintiff is a taxpayer of the City of Panama City although the establishment of this fact was essential to plaintiff’s right to maintain this action. The decree contains recitals of evidence to the effect that 30% of the budgetary requirements of the City for the year 1957 would be raised from excise taxes collected from the citizens of that community, and that only 25% of the budgetary requirements would be raised by ad valorem taxes assessed against real and personal property within the City. It may be parenthetically observed that the bond resolution pursuant to which funds for the construction of the project were realized, the unlawful disbursement of which forms the basis of this action, provides that in the event the revenues from the completed project are insufficient to service the outstanding bonds, the amortization fund shall be supplemented by excise taxes collected by the City until the bonds are paid in full. Upon the basis of the foregoing facts the chancellor proceeded to take judicial notice of the fact that a citizen and property owner living within the limits of the City of Panama City is necessarily required to pay certain excise taxes for the operation and maintenance of city government, and that since it was stipulated that Duncan was a property owner and citizen residing within the municipality, he was therefore found to be a taxpayer qualified to maintain this action.
In our consideration of this point on appeal we conceded the general rule of law to be that evidence contained in depositions taken in advance of trial may not generally be considered by the trier of fact unless the deposition is duly introduced in the record in accordance with applicable rules of procedure. We concluded, however, that under the peculiar facts in this case as set forth in our opinion on rehearing, the chancellor would have been justified in considering Duncan’s deposition which established *544 without contradiction that he was a payer ■of ad valorem taxes to the City of Panama 'City. We held that since this evidence could have properly been considered by the chancellor in the formulation of his final ■decree, this court was equally privileged to ■consider the deposition as evidence establishing plaintiff’s right as a taxpayer to maintain the action.[1]
Our opinion in this case was reviewed by the Supreme Court on petition for writ of •certiorari. In the opinion rendered by that ■court in this matter it was held that the strict rule relative to consideration of deposition evidence must be adhered to, and such ■evidence may not be considered on trial or final hearing unless the deposition is duly introduced in the record during the trial proceedings. It was ultimately held that this court erred in concluding as it did that notice could be taken of Duncan’s testimony as to his status as an ad valorem taxpayer, -and the opinion of this court was accordingly quashed.[2]
The opinion rendered by the Supreme 'Court quashing this court’s decision contains the following directions: “Our decision will now require that the district court ■decide whether the chancellor erred in deciding that it was not necessary that Duncan be an ad valorem taxpayer in order to maintain this suit and have such further proceedings as it may determine to be necessary.”
In obedience to the Supreme Court’s mandate we hold that the chancellor erred in taking judicial notice of the fact that all citizens of the City of Panama City are required to pay excise taxes and in assuming, without proof, that plaintiff is in fact a payer of excise taxes to the city. That part of the decree which so holds is accordingly reversed. However, in view of the fact that from the record it affirmatively appears that plaintiff’s status as a payer of excise taxes to the City of Panama City is readily susceptible of proof, and that through understandable inadvertence or oversight proof of his status as a taxpayer of ad valorem taxes to the City of Panama City was omitted during the formal presentation of evidence before the chancellor, we believe that the ends of justice will best be served by remanding this cause to the trial court for the taking of further testimony on this single issue. In obedience to the mandate of the Supreme Court that we direct such further proceedings as may be determined necessary, the decree appealed is reversed insofar as it finds that plaintiff is a taxpayer entitled to maintain this action, and the cause is remanded with directions that further testimony be taken on this issue and that an appropriate decree be entered thereon consistent with the views expressed herein.[3]
Reversed and Remanded.
STURGIS, J., and FITZPATRICK, Associate Judge, concur.

. Bernardo v. Duncan et al. (Pla.App. 1981), 184 So.2d 297.

. Bernardo v. Duncan et al., Pla.App. 1962, 145 So.2d 476.

. Tribune Company v. Approved Personnel, Inc. (Pla.App.1959), 115 So.2d 170; Poerschke v. Poerschke (Pla.App.1959), 114 So.2d 80; . Atlantic & Gulf Properties, Inc. v. Palmer (Pla.App.1959), 109 So.2d 768; Butler v. Major Holding Corporation, (1940), 145 Pla. 549, 200 So. 96.