PER CURIAM.
This is the third appearance of this case in this Court.
On the original appeal, one of the critical questions presented for decision was the right of appellee to institute this suit in the trial court. Appellant correctly contended that the suit was a type of action which could lawfully he instituted and maintained only by a taxpayer of the governmental unit whose funds were involved. Appellant further emphasized that the complaint failed to allege that appellee was a taxpayer of Panama City, and in addition, there was no competent proof in the record that appellee occupied such a taxpayer status as would entitle him to bring and maintain the action.[1]
On that appeal, our examination of the record revealed a deposition given by appel-lee during the preliminary stages of the litigation by which he established without dispute that he was a property owner in and an ad valorem taxpayer of the City of Panama City. This deposition was considered by the chancellor in denying appellant’s motion for a summary judgment, but neither it nor any similar proof was offered in evidence during the actual trial of the cause. Because of this failure, the deposition could not be considered as evidence in the case to establish appellee’s status as a taxpayer.[2]
After disposing of the remaining points on appeal, this Court remanded the cause to the trial court for the taking of additional testimony with respect to the status of appellee as a taxpayer of Panama City, and for such further proceedings as may be deemed appropriate to a proper disposition of the sole remaining issue in the case.[3] Implicit in our remand was permission for the parties to make such amendments to the pleadings as would appear necessary to fully effectuate the purpose of the remand and bring the litigation to a proper and just conclusion. Pursuant to our remand the chancellor permitted appellee to amend his complaint by alleging that he was a taxpayer of Panama City. Proof that plaintiff was a payer of ad valorem taxes to the City of Panama City was admitted in evidence.
On this appeal appellant complains, among other things, that the chancellor committed error in allowing the above-mentioned amendment to the complaint, and in admitting evidence of appellee’s status as a taxpayer. We have considered this contention, as well as the remaining contentions of appellant on this appeal, and find them to be without merit. The decree appealed is accordingly affirmed.
RAWLS, C. J., and STURGIS and JOHNSON, JJ., concur.

. Bernardo & Sons, Inc. v. Duncan (Fla.App.1961) 134 So.2d 297.

. Bernardo & Sons, Inc. v. Duncan (Fla.1962) 145 So.2d 476.

. Bernardo & Sons, Inc. v. Duncan, (Fla.App.1962) 147 So.2d 542.