FAMILY LOAN COMPANY v. SMETAL CORPORATION.

169 So. 48.

Division A.

Opinion Filed January 14, 1936.

*A. M. Reder* and *Thomas H. Anderson,* for Appellant; *Shutts & Bowen* and *Charles A. Carroll,* for Appellee.

DAVIS, J.—This was a suit wherein a corporation, organized under the laws of Florida, by bill in chancery, obtained in the court below a final decree setting aside and annulling a loan of money made to it by a corporate licensee doing business under Chapter 10177, Acts 1925, Laws of Florida (Section 3999-4017 C. G. L., 1927), on the ground that the loan made was in excess of $300.00 and the interest charged on such loan was calculated and provided to be paid at a rate of more than ten per cent. per annum. The controversy now before us has heretofore been considered by this Court on a prior appeal (Smetal Corporation v. Family Loan Co., 119 Fla. 497, 161 Sou. Rep. 438) wherein it was decided that the allegations of appellee's bill of complaint were amply sufficient to show that the appellant, Family Loan Company, was a licensee under the Florida Small Loan Act above cited and that the loans complained of in the bill had been made by it in violation of Chapter 10177, *supra,* so as to make the transactions void.

The final decree herein appealed from was, in substance, as follows: (1) that the motion of Smetal Corporation for a final decree in its (complainant's) favor on bill and answer should be granted; (2) that a counter claim of one W. C. Chadwick, a defendant in the cause, should be stricken; (3) that the defendant Family Loan Company had violated the Small Loan Act in making a loan of $2,051.48 to complainant and that therefore the loan was unenforceable and void; (4) that accordingly the lender should surrender up to the borrower certain collateral securities that had been pledged with the lender to secure the illegal loan; (5) that the injunction that had been granted against defendant Family Loan Company to prevent its negotiation or transfer of such collateral to third parties should be continued in effect until the restoration, as decreed, should be accomplished; (6) that certain sums of money should be paid defendant Chadwick under the management contract he had executed in part for the benefit of the plaintiff's properties as part of the transaction sought to be avoided in the suit.

The opinion of this Court on the earlier appeal vindicated and upheld the right of Smetal Corporation, the appellee here, to bring and maintain its suit in equity against appellant, Family Loan Company, to have the alleged unlawful contract entered into between the parties cancelled and surrendered, and the collateral securities deposited incident thereto redelivered to the depositor, without tendering payment of the whole or any part of the original indebtedness as a condition precedent to the obtaining of the relief prayed for. This holding was arrived at on the theory that in filing its bill in equity to have the unlawful transaction rescinded and the evidence of it cancelled the complainant below was not seeking equity of an ordinary kind, but was

in contemplation of law invoking an equitable remedy as an incident to the enforcement on its behalf of a substantive right given it· by the statute of Florida commonly referred to as the "Small Loan Act" hereinbefore cited as Chapter 10177, Acts 1925. Stated another way, the rule invoked was that which acknowledges an inherent jurisdiction in courts of equity jurisdiction to give effect to a policy declared by the Legislature by ordering to be delivered up and cancelled, any instruments or evidences of a transaction that the Legislature has declared to be void *ab initio* and incapable of being made the basis of any claim of right on the part of the possessor thereof because of their invalid characteristics.

Whether the holding in the opinion filed on the former appeal is sound or erroneous as a precedent for other cases likely to arise and required to be decided hereafter, as earnestly contended in the brief of appellant, is immaterial to the present consideration. This is so, because the former opinion has conclusively settled the law of this case insofar as it was duly put in issue for decision upon the assignments and cross assignments of error then presented. Therefore this Court, on the present appeal, is without authority to review or reverse what it has heretofore decided as the law of this case, even if it were so inclined. See cases cited in Volume 1, Encyclopedic Digests of Florida Reports, paragraph 190-191, pages 348-352.

Accordingly since complainant's bill had been adjudged on appeal sufficient to entitle it to the relief prayed for, the only inquiry left for the Chancellor's consideration was (1) whether the bill was sufficiently answered to preclude a decree absent proof, and (2) whether a sufficient defense in confession and avoidance of its allegations was shown. An examination of the record demonstrates that neither of

such permissible grounds of defense was made to appear. So the decree for complainant below was properly arrived at and must accordingly be affirmed as being consistent with the law of this case as heretofore decided.

However, the general rule is that even where no tender, return or repayment of a sum of money received as the result of an invalid or void transaction prohibited by a statute is legally required to be shown as a condition *precedent* to the institution and maintenance of legal or equitable proceedings when brought for the sole purpose of having the evidence of the unlawful transaction judicially nullified or surrendered up, yet general equitable considerations of common honesty entitle one who has, in good faith, entered into such a void money transaction under circumstances believed sufficient to sustain its validity, to nevertheless maintain an action for the recovery of judgment against the recipient who has, as the result of an invalid arrangement, received money which in good conscience the defendant should not be allowed to retain (Nuveen v. City of Quincy, 115 Fla. 510, 156 Sou. Rep. 153), after all of the evidence of the transaction in the form of securities or obligations has, at his instance, been decreed to be cancelled and surrendered up to make effective a judicial rescission of what has transpired.

Since no such claim as the last referred to was interjected into the present case by counter claim or otherwise (as might have been, but was not required to have been done) and since the rights of appellant with respect thereto could not, and did not, become fixed except upon the entry and enforcement of the lower court's decree of rescission and cancellation (which is the final decree appealed from in this case) the final decree herein appealed from should have been expressly modified and conditioned as being en-

tered by the court below without prejudice to any right, legal or equitable, the Family Loan Company might be entitled to assert against the Smetal Corporation for recovery of the money consideration the latter appears to have actually received as a result of the transaction found to have been unlawfully, but in good faith, entered into by defendant below as a result of its belief that corporations, as such, being exempt from the application of the general usury laws (Matlack Properties v. Citizens & Southern Nat. Bank, 120 Fla. 85, 162 Sou. Rep. 148) were likewise not entitled to claim relief against usury charged by a small loan licensee under Chapter 10177, Acts 1925, *supra*.

The decree is modified to accord with the holding of the last above set forth paragraph of this opinion, and as so modified, is affirmed.

Modified and affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.