GERALD, LYNN, Associate Judge.
This appeal is from final judgment after jury verdict in a passing-overtaking truck collision case. Plaintiff-appellant Hendrick drove and owned the passing truck. Defendant-appellee Flores drove the overtaken truck; and defendants-appellees Straz-zulla owned it and also owned a farm where Flores lived and worked.
The collision occurred on State Road 80 in open country at the entrance to the farm, some 14 miles west of West Palm Beach and two miles west of the hamlet of Lox-ahatchee. At this point an unnamed dirt grade road and wooden bridg'e across the Palm Beach Canal connect the defendants Strazzullas’ farm with 80. Both trucks were westbound along 80, Hendrick behind Flores. The collision occurred when Flores, headed for home, attempted a left turn from the main road south into the farm road, just as Hendrick was attempting to pass.
The sufficiency of the evidence on the general issue of negligence is not an issue on this, the appellant and appellees have limited their issues to two principal points of law.
On cross-examination, the defendant truck driver Flores was asked whether he had ever been convicted of a crime. He replied, “No.” Plaintiff sought to impeach him by introducing transcript of his Criminal Court of Record conviction for reckless driving. The Trial Judge rejected this evidence, on the ground that the conviction was not of a crime involving moral turpitude.
Although the Trial Judge rejected the testimony on the authority of Roe v. State, 96 Fla. 723, 119 So. 118, an inspection of the proffered exhibit discloses that it is obviously concerned with Flores’ participation in the accident which gave rise to this trial and hence, was inadmissible. See Stevens, et al. v. Duke et al., Fla., 42 So.2d 361; Moseley v. Ewing, Fla., 79 So.2d 776, 778. In the latter case the Supreme Court speaking through Mr. Justice Sebring said:
“While we realize that a certified copy of the judgment in the criminal proceedings in which the defendant was convicted of reckless driving was not offered in the instant proceeding, as was the case in Stevens v. Duke, supra, the defendant was compelled by reason of the rulings of the trial court, to supply the identical information that would have been furnished by the introduction of the judgment of conviction ; namely, that he had been convicted of reckless driving as the result of the accident. In principle, we can see no material difference between compelling the defendant to make this palpably prejudicial disclosure from the witness stand and allowing the plaintiff to put this clearly inadmissible evidence before the jury by the use of a certified copy of the judgment of conviction.
*591 “We hold, therefore, that the admission of the evidence, over the objection of the defendant, constituted reversible error, and that the reasons for ruling the questions immaterial or irrelevant to the issue were so ‘obviously and clearly discernible’ that the general grounds urged by the defendant to the inadmissibility of such evidence were sufficient to require a ruling and to constitute a proper basis for a review of the error.”
It would appear therefore, that had this proffered evidence been admitted by the learned Trial Judge, he would have committed reversible error.
The remaining assignment has been examined and we find no error therein.
Affirmed.
KANNER, Acting C. J., and SHANNON, J., concur.