WHITE, Judge.
This case arose'from a collision of motor vehicles, and this appeal marks its second appearance in this court. On the former appeal we affirmed judgment for the defendants. Hendrick v. Strazzulla, Fla.App. 1960, 125 So.2d 589. On certiorari to the Supreme Court of Florida the decision of this court was quashed and the cause was remanded. Hendrick v. Strazzulla, Fla. 1961, 135 So.2d 1. The sole point determined by the Supreme Court pertained to the admissibility of certain evidence, which question does not reappear on this appeal. The case was tried again and resulted in verdict and judgment for the defendants. From that judgment the present appeal was taken challenging the propriety of certain instructions to the jury.
The plaintiff sued for damages resulting from a collision of two trucks in a rural area some fourteen miles west of West Palm Beach. The collision occurred between midnight and 1:00 A.M. on March 3, 1955 when the truck owned by defendants Strazzulla and driven by defendant Flores turned left in front of the truck of the plaintiff as the latter was attempting to pass. It is contended defensively that the plaintiff was negligent in passing in an *158 intersection contrary to statute, q. v. infra. Both trucks, as indicated, were travelling in the same direction, west on two-lane State Highway 80, the defendants’ truck in front followed by plaintiff’s truck driven by the plaintiff. The left turn attempted by the defendants’ truck was directed to an unmarked private dirt road leading south from the highway to the farm of defendants Strazzulla, the owners of the front truck. The dirt road did not cross the highway. There were no signs or markers on the highway indicating the existence of the side road, although there was a narrow bridge across a canal running parallel to the highway which led to the dirt road. This road was not publicly owned or maintained.
The evidence showed that even in the daytime it was difficult if not impossible for a motorist to become aware of the dirt road any appreciable distance from it. Captain William Eddy of the Sheriff’s Office reached the scene shortly after the collision. He was an experienced officer and a disinterested witness. He testified that there was a mound of dirt dredged out of the canal where shrubbery had grown up, all of which obstructed the view and rendered it difficult to see the dirt road. He stated: “I have been familiar with this road and even myself in the daytime would have difficulty in riding along and knowing where to turn.” This testimony is not disputed and its effect on the point is beyond question. This witness also testified that at some time in the past a chain or cable had barred traffic on the dirt road in question.
The plaintiff testified that although he occasionally had travelled Highway 80 he did not know he was approaching a side road. The driver of the defendants’ truck, co-defendant Juan Flores, was called by the plaintiff as an adverse witness. Fie testified that he was aware that a vehicle was following him; that he had observed the lights of the following vehicle for a couple of miles before reaching the side road with which he was thoroughly familiar. As stated, the dirt road led to the farm of defendants Strazzulla.
At the conclusion of all the evidence the court instructed the jury on the law of the case. Among other things the court read to the jury certain subsections of Fla.Stat. Chapter 317, F.S.A., pertaining to the traffic laws of Florida, and charged:
“Now, further limitations on driving to the left of the center of the highway: No vehicle shall at any time be driven to the left side of the roadway under the following conditions:
“B. On approaching within 100 feet of or traversing any intersection or railroad grade crossing.
“Now, you will observe there that that section refers to passing to the left when approaching within 100 feet of or traversing any intersection, and this traffic code that we have here defines what is meant by an intersection, and I will read that to you:
“The area embraced within the prolongation or connection of the lateral curb line or if none, then the lateral boundary lines of the roadways of two highways which join one another at or approximately at right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict, that is defined as an intersection.
“Now, it refers, the definition there ‘intersection’ refers, as you will observe, to the connecting of two highways and we can refer to this as a definition of a highway, we can refer to this traffic code because the Legislature has set forth here the definition of a highway. Now, the highway is defined as:
“The entire width between the boundaries of every way or place of whatever nature when any part thereof is open to the use of the *159 public for purposes of vehicular traffic.
“Now, if it appears here that this roadway or place across this bridge was open to the use of the public for purposes of vehicular traffic then under the definition given here it would be a highway, and these parties when approaching this intersection would be governed by this Statute which I have just read to you, placing a limitation on driving to the left when approaching within 100 feet of an intersection. On the other hand, if it appears that this was not such a way or place which was open to the use of the public for vehicular traffic, why, then, it would not be a highway and these parties would not be concerned with this Statute and it would have no application at all. And further, this Statute which I have just read to you, placing a limit on the driving of a motor vehicle to the left and passing another within 100 feet of an intersection, further, I charge you, that under the provisions of this Statute:
“A driver is prohibited from changing his lane of travel in attempting to drive to the left side of the highway at any point within 100 feet of an intersection, * *
The court further charged:
“I want to charge you at this time, if I can find the charge on it, on the effect of the failure to abide by one of our State traffic regulations if you find that the State traffic regulation has been violated, under the evidence and the charge of the Court. Now, the law is that a violation of a State traffic law, such as I have just read to you, is what we say called prima facie evidence of negligence. * * * ” (All emphases added.)
The court gave the general charge on the effect of contributory negligence and a charge was given with respect to the duties and responsibilities of a driver attempting to malee a turn to the left in changing his direction of travel. However, the prime issue of fact pointedly submitted to the jury was whether or not the side road “was open to vehicular traffic.”
Even assuming that the protested charge was applicable in part, it was misleading in that it postulated without evi-dentiary predicate that the plaintiff had violated the statute — that is, that he had driven to the left side of the highway “within 100 feet of the side road.” See Clark v. Sumner, Fla.1954, 72 So.2d 375, quoted infra. There is a conspicuous absence of evidence tending to show such a change of lanes within the 100 feet, and in the circumstances the instruction practically invited a verdict for the defendants. The instructions also failed to stress “the reciprocal duties of the parties in determining the question of ultimate liability.”
In Clark v. Sumner, supra, the Supreme Court of Florida in dealing with a similar situation said:
“The sole question argued on this; appeal is whether, by reason of Subsection 317.30(1) (b), supra, the lower court erred in failing to direct a verdict in favor of the defendant below when the evidence showed without contradiction that plaintiff at the time of the accident was driving on the left side of the highway within 100 feet of an intersection. Solely for the purpose of disposing of this proposition (but concerning which more will be said later),. we assume that the location of the accident was an intersection as contemplated by the statute.
“To sustain the position of defendant it is essential, first, that the facts of the case show beyond dispute that the statute is applicable, and further that being applicable the statute precludes recovery by a plaintiff in violation thereof under the circumstances here presented. * * *» (Emphasis added.)
*160 In the quoted decision the court approved and followed the case of Lemkie v. Boice, 1951, 329 Mich. 278, 45 N.W.2d 288, remarking that the Michigan statute was identical with the Florida statute. Said the Supreme Court of Florida:
“In the instant case, plaintiff was on the left side of the highway at the time of the accident but in the record before us we find no evidence to show conclusively that she had made the turn to the left side of the highway while at a point within 100 feet of the place of impact where the defendant zvas attempting to make a left turn into a side road. * * * ”
and further:
“Moreover the statute in question, Subsection 317.30(1) (b), supra, was never intended to authorize or sanction one driving along a highway turning across traffic into an intersection with another highway, without using reasonable care to see that those drivers following him have notice of his intentions. This is clearly apparent from an examination of other paragraphs of the same Chapter. For example, Section 317.37 provides for signals to be given ‘continuously during not less than the last 100 feet traveled by the vehicle before turning.’ See also companion Sections 317.38 and 317.39 relating to the manner of giving signals to the following automobile. It is a matter of common knowledge that almost every automobile is equipped with rear view mirrors, stop lights and other devices to enable the driver to see following vehicles and to enable following vehicles to have notice of the intention of the vehicle preceding. To uphold the contention of the defendant would be tantamount to releasing the driver of a car from any legal responsibility for the safety of those following him on the highways. Such is not the law. We reiterate and again approve the principle laid down in Allen v. Hooper, 126 Fla. 458, 171 So. 513, that the violation of a traffic lazv or regulation is prima facie evidence of negligence that may he overcome by other facts and circumstances in the cause in fixing ultimate liability.
“There is another plain reason why it cannot be said as a matter of law that the statute in question was applicable to the instant case. The prohibition of the statute applies to turns to the left made within 100 feet of an intersection. * * * ” . (Emphasis added.)
Thus it appears that if the statute is to be applied at all it should be applied strictly within its terms and not simply as to one of the drivers but as to both of them. To justify its application to the plaintiff there must be evidence not only that he “was driving” in the left lane “at the time of the accident” but had driven into it “within 100 feet of the intersection.” The only testimony bearing even remotely on this point was by the plaintiff. He testified that he was driving about 40 miles an hour. At that speed he was travelling approximately 58 feet per second. In the short period of two seconds he would have driven more than 100 feet. The driver of defendants’ truck testified that he, the defendant driver, slowed down to 10 miles an hour before making the turn. This meagre evidence falls far short of bringing the plaintiff within the strict terms of the statute. On the other hand, it was not shown that the driver of defendants’ truck complied with the statute on his part by keeping his signal lights on “continuously during not less than the last 100 feet travelled by the vehicle before turning,” as required by the statute. He said: “Well, I put my signal lights and I tried to make a lefthand turn.”
We come now to consider another aspect of the propriety of charging this statute. As already noted, the side road was a private unmaintained dirt road with no signs either on the side road entrance itself or on Highway 80 to warn motorists that such a road was there. The evidence *161 without contradiction indicates that the point was so obscured that an ordinary motorist exercising even more than ordinary care would not be made aware of its existence within time to comply with the statute. To apply the statute literally or at all, in circumstances as here presented, would place a palpably unreasonable burden upon motorists. It would impose a degree of care not contemplated by law. We cannot conceive that the Legislature ever so intended. In 1961 the Legislature, evidently recognizing that a literal interpretation and strict enforcement of this portion of the statute could result in gross injustice, amended Section 317.30 to provide for signs to be erected at intersections as a condition to its application. See Section 317.30(1) (b) Fla.Stat. 1961.[1] These observations, together with the grave doubt that this side road was in fact a highway “open to use of public for vehicular traffic” impel us to conclude and hold the statute inapplicable under the facts and circumstances of this case and that the giving of the protested instructions constituted prejudicial error.
Finally, it is contended by the defendants that in this court’s decision on the former appeal we held adversely to the plaintiff on the questions here presented, and it is urged that the decision there became the “law of the case.” With this contention we cannot agree. The facts and circumstances on this appeal are materially different from those on the former appeal; but even if we now should find that we were in error on that point of the case, we have the power to correct it. In Beverly Beach Properties v. Nelson, Fla.1953, 68 So.2d 604, 607, 41 A.L.R.2d 1071, Justice Hobson speaking for the Court said:
This is the same suit and we have not lost jurisdiction thereof. Consequently, we have the power to correct any error which the Chancellor or we may have heretofore made in the progress of this litigation. * * * ” (Emphasis added.)
We have heretofore indicated that we are not foreclosed on this appeal by the Supreme Court’s decision mentioned at the outset of this opinion since the questions considered here were not there presented nor determined. For the reasons stated, the judgment appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.
SHANNON, Acting C. J., and WEHLE, VICTOR O., Associate Judge, concur.

. Now F.S.A. § 317.301(1) (b).