177 So.2d 1 (1965)
Philip J. STRAZZULLA, Frank Strazzulla, and Dominic Strazzulla, Co-partners d/b/a Strazzulla Brothers Company, and Juan Flores, Petitioners,
v.
Paul F. HENDRICK, Respondent.
No. 33968.
Supreme Court of Florida.
June 30, 1965.
Earnest, Pruitt & Schulle, West Palm Beach and Sam Daniels, Miami, for petitioners.
Burdick & Silvian, West Palm Beach, for respondent.
ROBERTS, Justice.
This cause is before the court on a petition for certiorari to review a decision of *2 the District Court of Appeal, Second District, on direct-conflict grounds. We have assumed jurisdiction because of the apparent conflict, generating confusion and uncertainty, in the decisions of this court referred to hereafter concerning the doctrine of "the law of the case"; See Billingham v. Thiele, 109 So.2d 763.
The decision which we here review, Hendrick v. Strazzulla, Fla.App. 1964, 168 So.2d 156, was entered by the appellate court on the second appeal of the case to it. On the first appeal, a verdict and judgment for the defendants in a tort action arising out of an automobile collision was affirmed. Hendrick v. Strazzulla, Fla.App. 1960, 125 So.2d 589. This court, however, on direct-conflict certiorari quashed the judgment of affirmance on a point no longer relevant (since the error did not recur on the second trial), and the cause was remanded. Hendrick v. Strazzulla, Fla. 1961, 135 So.2d 1.
On the second trial, verdict and judgment were again for the defendants. The plaintiff again appealed, challenging the propriety of the trial judge's charge to the jury on the provisions of Section 317.30, Fla. Stat. 1959, F.S.A., which prohibits passing within 100 feet of an "intersection", as defined in the Act. The giving of anti-pass instructions under the statute had been assigned as error on the first appeal; however, on that appeal the appellate court without discussion declined to sustain the assignment, stating merely that "The remaining assignment has been examined and we find no error." Hendrick v. Strazzulla, supra, 125 So.2d at p. 591. In the certiorari proceedings in this court referred to above, the giving of anti-pass instructions was not reviewed by this court.
On the second appeal, the Second District Court of Appeal reconsidered the question of the propriety of the instruction concerning the anti-pass statute, Section 317.30, supra, and held that the statute was inapplicable under the facts and circumstances of the case and that the giving of the instruction was reversible error. In refusing to sustain the defendant-appellees' contention that the doctrine of "the law of the case" precluded a reconsideration and reversal on this point, the appellate court said (168 So.2d at page 161):
"With this contention we cannot agree. The facts and circumstances on this appeal are materially different from those on the former appeal; but even if we now should find that we were in error on that point of the case, we have the power to correct it."
Cited in support of the above quoted statement was this court's decision in Beverly Beach Properties v. Nelson, Fla. 1953, 68 So.2d 604, 41 A.L.R.2d 1071.
It is strongly urged here by petitioners, who were the successful defendants at the trial level, that the appellate court's decision and the Beverly Beach Properties decision are directly in conflict with prior decisions of this court respecting the doctrine of the law of the case; and, indeed, it does appear that there are two distinct lines of cases on this subject which are sufficiently in conflict to invoke our direct-conflict jurisdiction.
Early in the jurisprudence of this state it was established that all points of law adjudicated upon a former writ of error or appeal became "the law of the case" and that such points were "no longer open for discussion or consideration" in subsequent proceedings in the case. McKinnon v. Johnson, 1909, 57 Fla. 120, 48 So. 910, citing Wilson v. Fridenberg, 21 Fla. 386, and other cases. In accord with this statement, either by the use of the same or by the use of similar language, are the following decisions: Florida East Coast Ry. v. Geiger, 1914, 66 Fla. 582, 64 So. 238; Utley v. City of St. Petersburg, 1935, 121 Fla. 268, 163 So. 523; Family Loan Co. v. Smetal Corporation, 1936, 123 Fla. 900, 169 So. 48, 49; United States Gypsum Co. v. Columbia Casualty *3 Co., 1936, 124 Fla. 633, 169 So. 532; Haddock v. State, 1940, 141 Fla. 132, 192 So. 802; Oates v. New York Life Ins. Co., 1940, 144 Fla. 744, 198 So. 681; Butler v. Major Holding Corporation, 1941, 145 Fla. 549, 200 So. 96; Westinghouse Electric Corp v. Carol Florida Corp., Fla.App. 1963, 154 So.2d 339.
The language of the Family Loan Co. v. Smetal decision, supra, 169 So. 48, 49, was even stronger than that used in the earlier cases. It was there said:
"Whether the holding in the opinion filed on the former appeal is sound or erroneous as a precedent for other cases likely to arise and required to be decided hereafter * * * is immaterial to the present consideration. This is so, because the former opinion has conclusively settled the law of this case in so far as it was duly put in issue for decision upon the assignments and cross-assignments of error then presented. Therefore this court, on the present appeal, is without authority to review or reverse what it has heretofore decided as the law of this case, even if it were so inclined." (Emphasis added.)
Surprisingly, the Family Loan Company case was decided by this court only a short time after the decision in McGregor v. Provident Trust Co. of Philadelphia, 1935, 119 Fla. 718, 162 So. 323, was handed down. In the McGregor case the court discussed at length the three principles of law  law of the case, res judicata and stare decisis  which are adhered to by this court and courts of other jurisdictions in order to lend stability to judicial decisions and the jurisprudence of the state, as well as to avoid "piecemeal" appeals and to bring litigation to an end as expeditiously as possible. Respecting the doctrine of "law of the case", it was said:
"By `law of the case' is meant the principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed, even though they appear to have been erroneous." (Emphasis added.)
This particular statement made in the McGregor opinion  which clearly implies authority to reconsider and reverse  has been quoted in the following cases: Higbee v. Housing Authority of Jacksonville, 1940, 143 Fla. 560, 197 So. 479, 482; Lincoln Fire Insurance Co. v. Lilleback, 1938, 130 Fla. 635, 178 So. 394, 397; Leybourne v. Furlong, Fla.App. 1964, 161 So.2d 221. See also Walker v. Atlantic Coastline Railroad Co., Fla.App. 1960, 121 So.2d 713, following the same rule and citing Lincoln Fire Insurance Co. v. Lilleback, supra, in support thereof.
In 1953 the decision in Beverly Beach Properties v. Nelson, supra, 68 So.2d 604, was rendered. In that case this court stated plainly that
"We may change `the law of the case' at any time before we lose jurisdiction of a cause and will never hesitate to do so if we become convinced, as we are in this instance, that our original pronouncement of the law was erroneous and such ruling resulted in manifest injustice. In such a situation a court of justice should never adopt a pertinacious attitude."
There can be no doubt that the Beverly Beach Properties decision and the line of cases following the McGregor decision, supra, are in conflict with the holding in Family Loan Co. v. Smetal, supra, and the line of cases cited above which are in accord with the decision in McKinnon v. Johnson, supra. The Beverly Beach Properties decision, as well as the McGregor and similar decisions, are, however, consistent with our decisions respecting the doctrine of res judicata and stare decisis, see Wallace v. Luxmoore, 156 Fla. 725, 24 So.2d 302, and *4 with what appears to be the trend in other courts to recognize that the administration of justice requires some flexibility in the rule. See Johnson v. Cadillac Motor Car Co., 261 F. 878, 8 A.L.R. 1623; Union Light, H. & P. Company v. Blackwell's Adm'r. (Ky.), 291 S.W.2d 539, 87 A.L.R.2d 264; McGovern v. Kraus, 200 Wis. 64, 227 N.W. 300, 305, 67 A.L.R. 1381; Mangold v. Bacon, 237 Mo. 496, 141 S.W. 650, 654; People v. Terry, Cal. 1964, 390 P.2d 381; cases collected in the annotation in 87 A.L.R.2d, pp. 299-317.
In view of the apparent conflict, it is clear that the Beverly Beach Properties decision must be held to have impliedly, if not expressly, modified the earlier holding in Family Loan Co. v. Smetal, supra, and similar decisions; and, insofar as these earlier decisions may be construed as holding that an appellate court in this state is wholly without authority to reconsider and reverse a previous ruling that is "the law of the case", we hereby expressly recede therefrom.
We think it should be made clear, however, that an appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to "the law of the case" at the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasons  and always, of course, only where "manifest injustice" will result from a strict and rigid adherence to the rule. Beverly Beach Properties v. Nelson, supra.
The decision in the Beverly Beach Properties case exemplifies such an exceptional case. There, a reconsideration and reversal of a previous decision on a point of law was made mandatory by considerations of public policy in order to give effect to the law of a sister state and judicial orders regularly entered pursuant to such law, as required by the Full Faith and Credit Clause of the federal constitution. Another clear example of a case in which an exception to the general rule should be made results from an intervening decision by a higher court contrary to the decision reached on the former appeal, the correction of the error making unnecessary an appeal to the higher court. See In re Reamer's Estate, 1938, 331 Pa. 117, 200 A. 35, 119 A.L.R. 589; Louisville & N.R. Co. v. State (1914), 107 Miss. 597, 65 So. 881; People by and through Dept. of Public Works v. Lagiss, Cal. App. 1963, 30 Cal. Rptr. 852. Other examples which have appealed to courts of other jurisdictions as proper exceptions to the general rule are set out in the annotation in 87 A.L.R.2d, at pp. 299 et seq.
But the exception to the rule should never be allowed when it would amount to nothing more than a second appeal on a question determined on the first appeal. Cf. Westinghouse Electric Corp. v. Carol Florida Corp., Fla.App. 1963, 154 So.2d 339. Judge Learned Hand in Higgins v. California Prune & Apricot Grower, Inc., 3 F.2d 896, 898 (2 Cir.1924), said that "the `law of the case' does not rigidly bind a court to its former decisions, but is only addressed to its good sense." And the same federal court, in Zdanok v. Glidden Company etc., 327 F.2d 944 (2 Cir.1964) some 40 years later pointed out that
"* * * where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Perhaps the `good sense' of which Judge Hand spoke comes down to a calculus of the relative unseemliness of a court's altering a legal ruling as to the same litigants, with the danger that this may reflect only a change in *5 the membership of the tribunal, and of its applying one rule to one pair of litigants but a different one to another pair identically situated. This explains why a clear conviction of error on a point of law that is certain to recur, as in this court's well-known decision in Johnson v. Cadillac Motor Car Co., 261 F. 878, 8 A.L.R. 1623, (2 Cir.1919) will prevail over `the law of the case' whereas `mere doubt' will not. In the former instance the court knows that later litigants will be governed by a different rule; in the latter that is only a possibility."
In the instant case, the appellate court followed the line of cases stating the correct rule as to the doctrine of "the law of the case" in this jurisdiction  that is, that the court has the power to reconsider and correct an erroneous ruling that has become "the law of the case"; and it is not contended here that its decision in this respect was not justified, as an exception to the general rule concerning the "law of the case", under the particular circumstances shown by this record.
Our conclusion makes it unnecessary to decide the questions posed by the respondent as to the effect, on the doctrine of "the law of the case", of this court's quashal of the judgment of affirmance relied upon by petitioners as a basis for the application of the doctrine, as well as the question of whether there was such a material difference in the facts adduced at the second trial as to make the doctrine inapplicable.
Accordingly, the decision of the district court under review is correct and the writ of certiorari heretofore issued should be and it is hereby discharged.
DREW, C.J., and THOMAS, THORNAL, O'CONNELL, CALDWELL, and ERVIN, JJ., concur.