ADKINS, Justice.
The First District Court of Appeal has certified the following question to this Court as being one of great public interest:
Is the gain from an out-of-state sale of stock held by a foreign corporation doing business in Florida taxable under the Florida Corporate Income Tax Code, and if so, what method of computation should be used?
Department of Revenue v. Brunner Enterprises, 375 So.2d 23, (Fla. 1st DCA 1979). We have jurisdiction. Art. Y, § 3(b)(3), Fla.Const. (1972).
As noted by the district court of appeal, the first portion of the question, relating to the taxability of the gain, was certified to this Court in Roger Dean Enterprises, Inc. v. Department of Revenue, 371 So.2d 101 (Fla. 4th DCA 1978). We have addressed the issue and answered the question in the affirmative:
[W]e hold that the gain from an out-of-state sale of stock held by a foreign corporation doing business in Florida may be taxable under the Florida Corporate Income Tax Code.
Roger Dean Enterprises, Inc., v. Department of Revenue, 387 So.2d 358, 365 (Fla.1980). Brunner Enterprises, Inc., now asks us to ascertain the proper method of computation.
Brunner Enterprises, Inc., is a Delaware corporation which maintains its principal place of business in Illinois. During the fiscal years ending September 30, 1973, and September 30, 1974, it owned and operated citrus groves in Florida through its Maru-mike division. The daily operation of the citrus groves was in the hands of Travis Murphy. The company’s president, Fred J. Brunner, came to Florida only periodically.
During the years in question, Brunner Enterprises, Inc., realized capital gain for federal income tax purposes from the sale of stock which it owned in an Illinois bank. The bank itself and Brunner’s purchase and sale thereof, had no connection whatsoever with the state of Florida.
Brunner Enterprises, Inc., subtracted the gain from the sale of the bank stock on its Florida Corporate Income Tax Returns for 1973 and 1974. On audit, the Department of Revenue returned these amounts to the tax base and assessed correlative tax deficiencies. Brunner Enterprises, Inc., challenged the imposition of the additional tax and the circuit court entered final summary judgment in the taxpayer’s favor citing Stan Musial & Biggie’s, Inc. v. Department of Revenue, 363 So.2d 375 (Fla. 1st DCA 1978).
There is much discussion in the record and in the briefs as to the unitary or *715 non-unitary nature of Brunner Enterprises. See Fla.Admin.Code Rule 12C-1.15(4)(a). Under our decision in Roger Dean, the fact that a business is or is not unitary is not determinative of whether the normal three-factor apportionment formula should be applied or whether another method is appropriate. §§ 214.71 and 214.73, Fla.Stat. (1973). Even if the taxpayer can show the requisite constitutional dimension which under Roger Dean justifies deviation from the three-factor formula, the out-of-state gain must be included in the tax base, i. e., the federal taxable income. §§ 220.12, 220.13, Fla.Stat. (1973).
The second portion of the question certified is answered as follows:
The method of computation under the Florida Corporate Income Tax Code used to tax the gain from an out-of-state sále of stock by a foreign corporation doing business in Florida should include the gain in the tax base as described in sections 220.12-13, Florida Statutes (1973).
The decision of the district court of appeal is quashed, and the cause is remanded with instructions to reverse the judgment of the trial court and further remand for proceedings consistent with our opinion in Roger Dean Enterprises, Inc., v. Department of Revenue, supra, as well as the views expressed in the instant opinion.
It is so ordered.
SUNDBERG, C. J., and BOYD and ALDERMAN, JJ., concur.
OVERTON, J., dissents.