452 So.2d 550 (1984)
BRUNNER ENTERPRISES, INC., Appellant,
v.
DEPARTMENT OF REVENUE of the State of Florida, Appellee.
No. 64553.
Supreme Court of Florida.
June 14, 1984.
*551 C. Gary Williams and Robert S. Hightower of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, and Larry Sartin, Asst. General Counsel, Dept. of Revenue, Tallahassee, for appellee.
McDONALD, Justice.
In an unpublished order the First District Court of Appeal has certified this case as requiring immediate resolution and has certified the following questions as being of great public importance:
(1) WHETHER ASARCO, INC. V. IDAHO STATE TAX COMMISSION, 458 U.S. 307, 102 S.Ct. 3103 (1982), 73 L.Ed.2d 787, IS APPLICABLE TO THE "FINAL JUDGMENT ON ENTRY OF MANDATE" ENTERED BY THE LOWER COURT IN THIS CASE.
(2) DID DEPARTMENT OF REVENUE V. BRUNNER ENTERPRISES, INC., 390 So.2d 713 (FLA. 1980) REQUIRE THE TRIAL COURT TO DETERMINE, UNDER THE STANDARDS ENUNCIATED IN ROGER DEAN ENTERPRISES, INC. V. DEPARTMENT OF REVENUE, 387 So.2d 358 (FLA. 1980), AFTER PERMITTING AN EVIDENTIARY HEARING IF DEEMED NECESSARY, WHETHER JUSTIFICATION EXISTED FOR DEVIATION FROM THE THREE-FACTOR APPORTIONMENT FORMULA.
We have jurisdiction pursuant to article V, section 3(b)(5), Florida Constitution. We answer the first question in the affirmative and find it unnecessary to address the second question.
Brunner Enterprises, Inc., is a Delaware corporation with its principal place of business in Illinois. During the fiscal years ending September 30, 1973 and September 30, 1974, Brunner owned and operated citrus groves in several Florida counties through one of its divisions. In April 1976 the Department of Revenue (DOR) assessed a tax deficiency against Brunner for failing to include investment income earned in Illinois in its Florida corporate income tax base for fiscal years 1973 and 1974. On November 9, 1976 Brunner brought suit to challenge the assessment, claiming that income earned on an out-of-state sale of stock by a foreign corporation is not taxable in Florida. The district court ultimately certified to this Court issues raised by Brunner's contention.
In Department of Revenue v. Brunner Enterprises, Inc., 390 So.2d 713 (Fla. 1980), we held that the gain from an out-of-state sale of stock by a foreign corporation doing business in Florida is taxable under the Florida Corporate Income Tax Code and that the three-factor formula method[*] should be used to calculate the amount of income to be included in a foreign corporation's *552 tax base. Based on our holding, we quashed the summary judgment that had been granted in favor of Brunner and remanded the case for further proceedings consistent with our decision. Approximately two years passed before any further litigation occurred in this case.
During the respite in proceedings, the United States Supreme Court reached a decision directly contrary to our holding in DOR v. Brunner. In ASARCO, Inc. v. Idaho State Tax Commission, 458 U.S. 307, 102 S.Ct. 3103, 73 L.Ed.2d 787 (1982), the Court held that the inclusion of out-of-state income from intangibles in a corporation's tax base and the use of Idaho's similar three-factor formula method of apportionment absent a showing of a unitary business violates the federal due process clause. Less than a week after the issuance of ASARCO, Brunner moved for a summary judgment based on that case. At that time DOR moved to strike Brunner's request for a summary judgment and filed a motion to enforce the entry of mandate. The trial judge determined that all the issues had been resolved in our decision, and, therefore, there was nothing left for him to do but to grant DOR's motion. Brunner appealed the trial court's decision to the First District Court of Appeal which certified to this Court the two issues raised by the appeal.
Simply stated, the first question that the district court has asked us to address is whether the law of the case as established by our previous decision should be changed as a result of the United States Supreme Court's decision in ASARCO. We answer this question in the affirmative, but, before we explain our reasoning, we wish to acknowledge the propriety of the circuit court judge's actions. Lower courts cannot change the law of the case as decided by this Court or, alternatively, by the highest court hearing a case. Beverly Beach Properties v. Nelson, 68 So.2d 604 (Fla. 1953); Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 74 (Fla. 1979). We are the only court that has the power to change the law of the case established by this Court. Additionally, it is a well-settled rule of law that "the judgment of an appellate court, where it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act." O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130, 131 (Fla. 1974). The trial judge, therefore, correctly enforced the mandate, even though it conflicted with ASARCO.
It is the general rule in Florida that all questions of law which have been decided by the highest appellate court become the law of the case which, except in extraordinary circumstances, must be followed in subsequent proceedings, both in the lower and the appellate courts. Greene v. Massey, 384 So.2d 24 (Fla. 1980). Earlier in the development of the law of the case doctrine there was uncertainty concerning whether an appellate court that had determined the law of the case could modify or reverse its decision on a subsequent appeal. See Family Loan Co. v. Smetal Corp., 123 Fla. 900, 903, 169 So. 48, 49 (1936) (whether a prior decision is sound or erroneous is irrelevant because the court on a subsequent appeal is "without authority to review or reverse what it has heretofore decided as the law of [a] case, even if it were so inclined") (emphasis added); McGregor v. Provident Trust Co., 119 Fla. 718, 728, 162 So. 323, 327 (1935) ("the questions of law decided on appeal to a court of ultimate resort must govern the case ... and will seldom be reconsidered or reversed") (emphasis added). In 1965, however, this Court laid to rest any uncertainty regarding an appellate court's power to change the law of the case that it had established by reversing Family Loan Co. and all decisions similar to it and by holding that an appellate court has the authority to reconsider a previous ruling that established the law of the case. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). As stressed in Strazzulla, no party is entitled as a matter of right to have the law of the case reconsidered, and a change in the law of the case should only be made in those situations where strict adherence to the *553 rule would result in "manifest injustice." Id. at 4 (quoting Beverly Beach Properties, 68 So.2d at 608).
An intervening decision by a higher court is one of the exceptional situations in which a court will entertain a request to modify the law of the case. Strazzulla. In the instant case, if ASARCO had been decided prior to DOR v. Brunner, we would have been bound to follow the Supreme Court's pronouncement, and this case would have been decided differently. We could not have subjected Brunner's investment income earned in Illinois to the Florida Corporate Income Tax because Brunner's ownership of citrus groves in Florida did not constitute part of a unitary business. ASARCO, 458 U.S. 307, 102 S.Ct. 3103, 73 L.Ed.2d 787. See Mobil Oil Corp. v. Commissioner of Taxes, 445 U.S. 425, 100 S.Ct. 1223, 63 L.Ed.2d 510 (1980). Because we once again have jurisdiction of this case and, therefore, the opportunity to change the law of the case, it would be in the interest of justice to conform our earlier decision to ASARCO. Thus, we hold that out-of-state investment income earned by a foreign corporation doing business in Florida is only taxable under the Florida Corporate Income Tax Code if the Florida enterprise is part of a unitary business.
Accordingly, we reverse DOR v. Brunner and remand this cause with directions to enter judgment in favor of Brunner. Having given our answer to the first certified question, it is unnecessary to address the second issue.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] The three-factor formula is a method of calculating taxes by using the taxpayer's property value, payroll, and sales in a mathematical formula. § 214.71, Fla. Stat.