PER CURIAM.
Allstate Insurance Company appeals from a nonfinal order compelling appraisal. We affirm on the basis of the prior appeal in this case, Perez v. Allstate Ins. Co., 709 So.2d 591 (Fla. 3d DCA 1998), as that opinion serves as law of the case. Adherence to the law of the case will not result in a manifest injustice, even though the law of the district has since changed with our en banc decision in United States Fid. & Guar. Ins. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999).
An appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to “the law of the case” at *946 the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most part cogent reasons — and as always, of course, only where “manifest injustice” will result from a strict and rigid adherence to the rule.
Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla.1965) (citation omitted).
AFFIRMED.