879 So.2d 16 (2004)
STATE of Florida, Petitioner,
v.
David C. BUDINA, Respondent.
No. 2D04-1284.
District Court of Appeal of Florida, Second District.
April 30, 2004.
*17 Earl Moreland, State Attorney, Sarasota, and Brian A. Iten, Assistant State Attorney, Bradenton, for Petitioner.
Gregory S. Hagopian of Gregory S. Hagopian, P.A., Bradenton, for Respondent.
PER CURIAM.
On the State of Florida's petition for writ of certiorari arising from a criminal prosecution, we are required to address the trial court's refusal to comply with one of this court's prior orders. Our prior order quashed the trial court's order denying the State's motion to continue the jury trial of David C. Budina that had been scheduled for March 29, 2004. On remand, the trial court entered a second order denying the State's motion to continue the trial. Because our prior order became the law of the case, the trial court was foreclosed from revisiting the issue of whether the State was entitled to a continuance of the March 29 trial date. For this reason, we grant the State's second petition for writ of certiorari and once again quash the trial court's order.
The pertinent events began in the trial court on March 16, 2004, when the State filed a motion to continue Mr. Budina's jury trial that was then scheduled to commence on March 29, 2004. In its motion, the State asserted that on March 11, 2004, it had received Budina's Second Reciprocal Discovery Response in which Mr. Budina listed two witnesses from Broward County, one witness from Orange County, one witness from New Jersey, and one witness whose whereabouts were identified as "address unknown." On March 16, 2004, the trial court entered an order that denied the State's motion. On March 23, 2004, the State filed an Emergency Petition for Writ of Common Law Certiorari and a Motion to Stay Proceedings with this court. Mr. Budina subsequently filed a response stating that he had no objection to the entry of an order granting the State's petition. On March 25, 2004, this court issued an order granting the petition for writ of certiorari, quashing the trial court's March 16 order, denying the motion to stay as moot, and remanding the case for further proceedings. Since the trial was scheduled to begin on March 29, this court sent copies of the order by facsimile transmission to the trial court and to counsel for the State and Mr. Budina. On the morning of March 26, 2004, a Friday, the trial court conducted a hearing to re-schedule Mr. Budina's trial. The prosecutor proposed a June trial date. Defense counsel suggested a date in July as "safer" but did not object to a June date. The trial court responded that trial was set for March 29, the original trial date. After the prosecutor pointed out that this court had quashed the trial court's order denying a continuance of the trial that had previously been scheduled to begin on March 29, the following occurred:
THE COURT: They quashed the order. They remanded it for further proceedings. I'm conducting further proceedings. They didn't stay the proceedings. They didn't reverse it and remand it and tell me to continue the case. They just remanded it for further proceedings. These are the further proceedings.

*18 MR. ITEN [the prosecutor]: Your Honor, the State submits that the Court should have granted or found that the trial court departed from the essential requirements of the law in denying the motion. If anything, we have now additional witnesses that were listed since the Court denied the motion last.
THE COURT: Well, maybe the [D]istrict [Court of Appeal] didn't have the benefit of my reasoning the last time, because I don't know what was said to them.
MR. ITEN: I'll show the Court.
THE COURT: This time I have a written order that I'll send to them. So this can go up there.
And I have put in here, "Should this order be appealed to the Second District Court of Appeal and that court feels the lower court has departed from the essential requirements of law or abused its discretion, then perhaps that court will offer guidance as to how long the case should be delayed."
So that's the final paragraph in there. So I'll get some direction from the Second District should they decide that the case should not go to trial next week.
The trial court rescheduled Mr. Budina's trial for March 29 despite being advised by defense counsel that he had released his trial witnesses in reliance on our prior order. At the conclusion of the hearing, the trial court entered a written order denying the motions for continuance filed by the State and the defense. The final paragraph of the order contained the particular language referenced by the trial court during the course of the hearing.
Later that day, the State filed with this court its Second Emergency Petition for Writ of Common Law Certiorari and Motion to Stay Proceedings. On the afternoon of March 26, 2004, this court granted the motion to stay pending our further order.
The unusual circumstances of this case compel us to address the trial court's noncompliance with this court's prior order. In our prior unpublished order, this court granted the State's petition for a writ of certiorari on the merits. This court was not required to decide on the merits the issue raised in the petition, but we exercised our discretion to do so. Our decision on the merits necessarily meant that we found that the State met its "heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm." State v. Pettis, 520 So.2d 250, 252 (Fla.1988) (quoting committee note to Florida Rule of Appellate Procedure 9.130). Because the order that was quashed met the certiorari standard, the trial court should have been awarewithout further explanationthat its denial of the State's motion for continuance was a clear departure from the essential requirements of law that resulted in harm to the State that could not be remedied in a later appeal.
Nevertheless, after consideration of our prior order and to the evident surprise of counsel for both parties, the trial court entered the order under review that had the same effect as the prior quashed order. The only difference between the quashed order and the order under review was the addition of the trial court's "reasoning" concerning why a continuance of the impending trial was unwarranted.
Initially, we note that the trial court's remarks at the hearing reflect confusion concerning both the effect of an order granting a petition for certiorari and the function of a stay pending review. This court does not "reverse and remand" in an order granting a petition. Instead, we "quash and remand," which is what our order of March 25, 2004, did. See ABG *19 Real Estate Dev. Co. of Fla., Inc. v. St. Johns County, 608 So.2d 59, 64 (Fla. 5th DCA 1992) (noting that a court's certiorari review power is limited to quashing the order reviewed). The trial court also observed that this court did not "stay the proceedings." This court cannot stay action in the trial court except pending review in this court. Because our order of March 25, 2004, was a disposition, this court could not stay the proceedings.
More to the point, upon the entry of this court's prior order, our decision quashing the trial court's order that denied the State's motion for continuance became the law of the case. "Under the law of the case doctrine, all questions of law decided by an appellate court become the law of the case and, except in extraordinary circumstances, must be followed in subsequent proceedings in both the trial court and the appellate court." Tiede v. Satterfield, 870 So.2d 225, 227-28 (Fla. 2d DCA 2004) (citing Brunner Enters., Inc. v. Dep't of Revenue, 452 So.2d 550 (Fla.1984)). Thus our prior order foreclosed the trial court from revisiting the issue of whether the State was entitled to a continuance of the trial scheduled to begin on March 29, 2004. The trial court had no authority to enter another order reinstating the March 29 trial date either as a stratagem designed to compel this court to reconsider the issue or for any other reason. In short, the trial court was obligated to obey our prior order. We remind the trial court that just as it has a right to expect that attorneys and parties before it will respect its orders until reversed or vacated, this court is entitled to the same deference from the trial court. See State v. Lantz, 440 So.2d 446, 450 (Fla. 3d DCA 1983).
The petition for writ of certiorari is again granted. The trial court order of March 26, 2004, is quashed. This case is remanded for further proceedings, during which the trial court is directed to employ its reasoned discretion in setting a trial date that will allow the State to conduct appropriate discovery to prepare for trial.
Petition for writ of certiorari granted; order of March 26, 2004, quashed; and remanded for further proceedings.
DAVIS, COVINGTON, and WALLACE, JJ., Concur.