PLEUS, J.
Leslie Demeniuk appeals her convictions for the first degree murder of her twin four year-old sons. She argues that the trial court erred by (1) limiting the scope of her expert testimony regarding her insanity defense; (2) denying her motion to exclude a State expert who had surreptitiously assisted the State during a deposition of one of her experts; and (3) denying her proposed jury instructions on involuntary intoxication and excusable homicide. We affirm.
On the first issue, Demeniuk’s contention that her experts’ testimony was not subject to Frye v. United States, 293 F. 1013 (D.C.Cir.1923), is barred by the law of the case doctrine because in State v. Demeniuk, 888 So.2d 655 (Fla. 5th DCA 2004), we held that a Frye hearing was necessary and ordered the lower court to conduct one. See, e.g., State v. Budina, 879 So.2d 16 (Fla. 2d DCA 2004) (holding that previous legal ruling granting certio-rari was law of the case in subsequent proceedings). In addition, the trial court correctly applied Frye, prohibiting the defense experts from testifying about new and novel scientific principles that were not generally accepted in the scientific community.
On the second issue, the trial court did not abuse its discretion in failing to exclude the State’s expert. While the State’s conduct in soliciting the expert’s assistance during the deposition without disclosing his presence was improper, De-meniuk has failed to demonstrate how she was procedurally prejudiced by this conduct. It was discovered almost two years before trial and there is no evidence indicating that the defense was in any way hampered in preparing for trial.
On the third issue, Demeniuk has failed to show that the instructions given did not adequately cover her defenses or that her proposed instructions accurately stated the law. See Stephens v. State, 787 So.2d 747, 756 (Fla.2001) (defendant must prove that (1) the special instruction was supported by the evidence; (2) the standard instruction does not adequately cover the defendant’s theory of the case; and (3) the proposed instruction accurately states the law and would not confuse or mislead the jury).
AFFIRMED.
PALMER, C.J. and TORPY, J., concur.