JOHNSON, Justice.
Appellant seeks reversal of a final judgment, entered pursuant to jury verdict, adjudging him guilty of incest.
The only issue presented for our consideration is whether the trial court erred in sustaining the State’s objection to the recall of defense witness Cindy Moran to testify concerning a conversation she had with the alleged victim the morning following the alleged offense.
During the trial of this cause, the State presented only two witnesses. The first witness was the alleged victim, fifteen years old, who testified that appellant, her natural father, had sexual intercourse with her during the late evening hours of May 30th or the early morning hours of May 31st. She further testified that on the morning of May 31st, she told her sister that she had been back in her father’s bedroom because he made her. Upon further examination, the following colloquy ensued :
“Q. Do you remember telling her anything of the details?
A. I don’t remember. I could have, but I’m not sure.
Q. Do you remember telling her, . . that your father tried to but you refused and he didn’t accomplish the act? Do you remember telling her that ?
A. Sunday night ?
Q. Monday morning, telling her about Sunday night. Do you remember telling her that on Sunday night, when you were explaining to her where you were, telling her that?
A. I don’t remember.
Q. Could you have told her that ?
A. I could have.
0. You could have told her that he tried but he didn’t accomplish it?
A. I don’t know.”
‡ ‡ # ‡ *
“Q. Well, you say that you don’t know whether you told Cindy that or not?
A. What?
Q. About him trying it but not accomplishing it, you don’t know whether you told her that or not, is that right ?
A. No, I don’t know if I told her that or not.
Q. But you say you could have told her that?
A. I could have, yes.
O. Well, what happened? Did he accomplish it or did he not accomplish it?
A. He did.
O. Why wouldn’t you have told Cindy that if that, in fact, did happen?
A. I don’t know what I told Cindy.”
The only other witness presented by the State was a medical doctor who testified *28 that the victim was medically “nonvirginal”.
The first witness presented by defense counsel was Cindy Moran, the thirteen-year-old sister of the alleged victim and the natural daughter of appellant herein. When asked by defense counsel what her sister had told her the next morning about the alleged offense, Cindy responded:
“A. Well, she came in the kitchen and I was fixing breakfast and she said that Daddy had told her to go back to the back bedroom, and she told me that he had tried to fool around with her and — I don’t know — Well, have sexual relations.
Q. Do you remember whether she said that he accomplished or that she refused and he did not accomplish it?
A. She said that she refused.
Q. Did she say whether or not he accomplished it?
A. Yes, sir.”
At this point, the State objected upon the grounds that defense counsel was leading and impeaching his own witness. The Court sustained the objection, noting that “you cannot impeach your own witness”. Thereafter, the following colloquy took place:
“Q. I would like to ask you again, Cindy. Do you remember whether or not Cheryl said that he accomplished the act or that he did not accomplish the act ?
A. I don’t know.
Q. Did she ever 'say anything to you prior to this Monday about what her father was doing to her ?
A. She told me Monday morning.
Q. Is that the only time she ever told you?
A. Yes.”
After calling several of the seven other witnesses to the stand who were either present in the trailer on the night in question (not one of whom had knowledge of the alleged offense nor noticed any change in the victim’s behavior the following day) or were close friends of appellant, defense counsel, after a recess, attempted to recall Cindy to the stand. The State objected upon the same grounds as noted above. Defense counsel told the trial judge, out of the presence of the jury, that
“Your Honor, I asked the witness, asked her certain questions with reference to what her sister told her the morning after this alleged occurence and she replied that she did not remember. She did not answer the question. She said that she did not remember. It was a vital issue and I removed her from the stand. There was a break and I questioned her as to why she was not able to remember, since it was just yesterday that we had had the interview. She said that she was frightened and that’s why she couldn’t think of anything. So during that break I asked her if she remembered saying certain things in response to certain questions by me in the interview yesterday and she replied ‘Yes, I do remember now but I couldn’t remember up there because I was scared.’ I am attempting to recall the witness, not in an effort to impeach her, but to ask her the questions again. She has remained my witness and we did not excuse her, Your Honor, and I feel that I am entitled to recall the witness, which is consistent with my right to talk with the witness during the trial.”
The objection was sustained and defense counsel’s motion to proffer Cindy’s testimony was denied, the trial judge stating,
“The defense called this witness once and the witness did not testify like the defense wanted her to testify so that now, having had a recess and having *29 talked with her further, to call her back again and go over the testimony again in an attempt to impeach testimony would not he proper and I do not consider that it would be proper to rehash this previous testimony again on a proffer.”
Under the circumstances of this particular case, it is our opinion that the trial judge erred in refusing to allow defense counsel to recall Cindy to the stand. The record indicates that there were only two principal witnesses upon whose testimony an adjudication of guilt could stand or fall. The jury was faced with the decision to believe either the appellant or the alleged victim, and their decision would essentially dispose of the issue of guilt. Hence, it was vital that they hear any witness who might shed light upon the credibility of either of the principal witnesses.
Here, the witness in question was the thirteen-year-old daughter of the appellant and sister of the alleged victim. Through fear or emotion, she temporarily forgot the substance of a conversation between herself and her sister, a conversation whose contents could have exculpated appellant if believed by the jurors. It was indicated to the trial judge by defense counsel that the expected “second” testimony would not conflict with Cindy’s prior testimony, as is the case with impeachment of one’s own witness, but rather it would give the witness the opportunity to testify to facts which she had been unable to recall when first called to the stand. Due to Cindy’s age, the nature of this case and her emotional involvement and relationship to the principal witnesses herein, we conclude that the refusal to allow Cindy’s testimony to be introduced was an abuse of discretion which was harmful to appellant and was therefore error.
Reversed and remanded for a new trial.-
SPECTOR, C. J., and WIGGINTON, J., concur.