653 So.2d 435 (1995)
HOWARD VINCENT DECK, APPELLANT,
v.
STATE OF FLORIDA, APPELLEE.
No. 93-2623.
District Court of Appeal of Florida, Fifth District.
March 24, 1995.
Rehearing Denied April 21, 1995.
Richard G. Canina of Law Firm of Mitchell & Canina, P.A., Melbourne, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried and Steven J. Guardiano, Asst. Attys. Gen., Daytona Beach, for appellee.

ON APPELLANT'S MOTION FOR REHEARING
COBB, Judge.
We grant the appellant's motion for rehearing, withdraw the opinion issued in this case under date of February 10, 1995, and substitute therefor the following opinion:
The appellant, Howard Vincent Deck, was convicted and sentenced for multiple counts of sexual offenses against a minor. A paramount factor in the prosecutor's case at jury trial was the introduction into evidence of an investigative interview with Deck conducted by one Officer Bevil of the Brevard County Sheriff's Department.
The dispositive issue on appeal is the question of the admissibility of that portion of the interview which occurred after the following exchange between Bevil and Deck:
AGENT BEVIL: When was the first time?
MR. DECK: I don't know. I can't talk about it anymore.
AGENT BEVIL: Is it bothering you?
MR. DECK: Yeah, it's bothering me.
AGENT BEVIL: Okay.
MR. DECK: Bothering me.
AGENT BEVIL: You want me to get to the truth? Do you want me to get to the truth?
MR. DECK: I want to go to the bathroom, that is the truth. I can, you know, I 
AGENT BEVIL: Do you want to go to the bathroom or do you want to continue to talk about it and get all the rest of it out?

*436 MR. DECK: That's all of it. That is all of it. I don't know what they're doing no. I don't know where we're 
AGENT BEVIL: I'm, I'm trying to get  I'm trying to get to this specific information. You know what happened. You couldn't be totally intoxicated enough not to remember several events that are taking place.
Officer Bevil made no inquiry as to whether Deck wished to terminate the interview after the latter's equivocal assertion of his right to remain silent. Later in the interview, after sufficient inculpatory answers had been elicited and Deck again equivocally invoked his Miranda right to terminate the interview, Bevil asked the appropriate clarifying question as to whether Deck wished to stop the interview, to which the response was "Yes."
The question raised by this appeal is: Did Deck's equivocal invocation of his Fifth Amendment right to remain silent  "I can't talk about it anymore"  require the interrogating officer to terminate further questioning except that which was designed to clarify the suspect's wishes? The answer to this question was readily apparent prior to the advent of the decision of the United States Supreme Court in Davis v. United States, ___ U.S. ___, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), which was issued on June 24, 1994. Prior to that time, case law of the Florida Supreme Court clearly established that the answer to the above question was yes. See Owen v. State, 560 So.2d 207 (Fla.), cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990) and Long v. State, 517 So.2d 664 (Fla. 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988).
Based upon Owen and Long, and the United States Supreme Court opinions upon which they were predicated,[1] the instant interrogation of Deck, following his equivocal invocation of his right to remain silent (which was ignored), would be held violative of the Fifth Amendment to the United States Constitution. Davis, however, has dramatically altered the prior federal rule in regard to the obligation of an interrogating officer confronted with a suspect's equivocal reference to a Miranda right, which in Davis involved a Fifth Amendment right to counsel prior to the filing of a criminal charge against the suspect. In a five-to-four majority opinion authored by Justice O'Connor, the Supreme Court held that "after a knowing and voluntary waiver of Miranda rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney." ___ U.S. at ___, 114 S.Ct. at 2356. The majority opinion expressly declined to adopt a rule requiring officers to ask clarifying questions, and stated:
If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him.
___ U.S. at ___, 114 S.Ct. at 2356.
Neither Owen nor Long was predicated upon, or referred to, the right against self-incrimination enunciated in Article I, Section 9, of the Florida Constitution. Subsequent to those cases, however, the Florida Supreme Court, pursuant to the primacy doctrine, directly addressed the issue of the effect of an equivocal assertion of a Miranda right when considered in light of the Florida Constitutional provision. In Traylor v. State, 596 So.2d 957, 966 (Fla. 1992), the court stated:
Under Section 9, if the suspect indicates in any manner that he or she does not want to be interrogated, interrogation must not begin or, if it has begun, must immediately stop. (Emphasis supplied).
The Hawaii Supreme Court reached a similar conclusion in State v. Hoey, 77 Hawai`i 17, 881 P.2d 504, 523 (1994).
Although Deck failed to raise the argument available to him under Article I, section 9 of the Florida Constitution at the trial level or in his appellate briefs, we feel that our consideration and application of the Traylor case in the instant appeal is warranted. See Fla.R.Crim.P. 9.140(f) ("In the interest of justice, the court may grant any relief to which any party is entitled"). Traylor *437 expressly supports the argument of the appellant, raised by his motion for rehearing, that a fundamental right created by the state constitution must be respected even if no similar right is recognized by the federal courts. Traylor at 983.
The state has also argued that, even if the trial court erred in failing to exclude the investigative interview with Deck that occurred after the exchange quoted above, such error was harmless in light of several damaging concessions by Deck earlier in the interview. Having carefully reviewed the entire interview, we cannot say, beyond a reasonable doubt, that admission of that portion of the interview subsequent to the equivocal Miranda assertion was harmless. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We find that admission of the interview evidence constituted reversible error.
Accordingly, we reverse the convictions and sentences below and remand for new trial.
REVERSED AND REMANDED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).