654 So.2d 200 (1995)
STATE of Florida, Petitioner,
v.
Duane OWEN, Respondent.
No. 94-2885.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Rehearing Denied May 18, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for petitioner.
Carey Haughwout of Tierney & Haughwout, West Palm Beach, for respondent.
KLEIN, Judge.
In Owen v. State, 560 So.2d 207 (Fla. 1990), the Florida Supreme Court reversed respondent's conviction because it concluded that his confession was erroneously admitted into evidence contrary to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 *201 (1966). Between that reversal and respondent's retrial, the United States Supreme Court clarified Miranda in Davis v. U.S., ___ U.S. ___, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), so as to make respondent's confession admissible. Prior to retrial the state moved the trial court, pursuant to Davis, to reconsider the admissibility of respondent's confession, but the trial court held it inadmissible. The state now seeks certiorari relief. We deny the state's petition, but certify the issue of admissibility as one of great public importance.
Respondent was convicted of burglary, sexual battery, and first degree murder, and his confession was the "essence" of the state's case. Owen, 560 So.2d at 211. He never requested counsel, but because during his confession he said things like "I don't want to talk about it," in response to questions about a particular detail of the crime, our supreme court reversed, stating:
The responses were, at the least, an equivocal invocation of the Miranda right to terminate questioning, which could be clarified. It was error for the police to urge appellant to continue his statement.
Justice Grimes dissented, asserting that Miranda as interpreted by post-Miranda decisions of the federal courts, did not require this result. The prescience of this dissent, in which Chief Justice Ehrlich concurred, did not become apparent until the United States Supreme Court concluded in Davis that the police need not stop questioning a defendant unless there is a clear assertion of the right to counsel:
[W]e decline to adopt a rule requiring officers to ask clarifying questions. If the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him.
To recapitulate: We held in Miranda that a suspect is entitled to the assistance of counsel during custodial interrogation even though the Constitution does not provide for such assistance. We held in Edwards that if the suspect invokes the right to counsel at any time, the police must immediately cease questioning him until an attorney is present. But we are unwilling to create a third layer of prophylaxis to prevent police questioning when a suspect might want a lawyer. Unless the suspect actually requests an attorney, questioning may continue.
Davis, ___ U.S. at ___-___, 114 S.Ct. at 2356-57.
If we were certain that Davis was the law in Florida, and if this specific confession had not already been held inadmissible by the Florida Supreme Court, we would grant certiorari, because the pretrial refusal to admit this confession would be a departure from the essential requirements of law for which the state would have no adequate remedy by review. State v. Pettis, 520 So.2d 250 (Fla. 1988).
The first "if," which is whether Davis is the law in Florida, is more complicated than would appear from simply reading Miranda and its progeny. Between Owen, which was decided in 1990, and Davis, which was decided in 1994, the Florida Supreme Court, in Traylor v. State, 596 So.2d 957, 961 (Fla. 1992), recognized that:
Under our federalist system of government, states may place more rigorous restraints on government intrusion than the federal charter imposes; they may not, however, place more restrictions on the fundamental rights of their citizens than the federal Constitution permits. Prune Yard Shopping Ctr. v. Robins, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980).
Like the present case, Traylor involved the admissibility of a confession, and in that case, after discussing federalism and the fact that the Declaration of Rights in the Florida Constitution includes, in article I, section 9, a right against self-incrimination, our supreme court stated:
Based on the foregoing analysis of our Florida law and the experience under Miranda and its progeny, we hold that to ensure the voluntariness of confessions, the Self-Incrimination Clause of Article I, Section 9, Florida Constitution, requires that prior to custodial interrogation in Florida suspects must be told that they have a right to remain silent, that anything they say will be used against them in court, that they have a right to a lawyer's *202 help, and that if they cannot pay for a lawyer one will be appointed to help them. Under Section 9, if the suspect indicates in any manner that he or she does not want to be interrogated, interrogation must not begin or, if it has already begun, must immediately stop.

Traylor, 596 So.2d at 967 (footnote omitted) (emphasis added).
It thus appears that while the statements made by Owen during his confession would not make his confession inadmissible under Davis, his confession might still be inadmissible under Traylor. Yet the Florida Supreme Court relied heavily on federal law when it made its pronouncements about the admissibility of confessions in Traylor. Accordingly, the significance of Davis is unclear. We therefore conclude that this question should be certified as one of great public importance.
Although it is the law of the case that this specific confession is inadmissible, if the supreme court accepts our certification of the question of great public importance, it can revisit that issue:
[A]n appellate court does have the power to reconsider and correct erroneous rulings notwithstanding that such rulings have become the law of the case. Strazzula v. Hendrick, 177 So.2d 1, 4 (Fla. 1965). Reconsideration is warranted only in exceptional circumstances and where reliance on the previous decision would result in manifest injustice.
Preston v. State, 444 So.2d 939, 942 (Fla. 1984).
We conclude that the exceptional circumstances for reconsideration are present here. Accordingly, although we deny certiorari, we certify the following question as one of great public importance:
DO THE PRINCIPLES ANNOUNCED BY THE UNITED STATES SUPREME COURT IN DAVIS APPLY TO THE ADMISSIBILITY OF CONFESSIONS IN FLORIDA, IN LIGHT OF TRAYLOR?
GUNTHER and STONE, JJ., concur.