670 So.2d 1084 (1996)
Cecil SKYLES, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 95-0249.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Rehearing Denied April 19, 1996.
Richard L. Jorandby, Public Defender and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant/cross-appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee/cross-appellant.
KLEIN, Judge.
Cecil Skyles appeals his two convictions for sexual battery on a person under 12, arguing that the court erred in admitting his confession and in refusing to allow him to recall one of the victims for additional cross-examination. We reverse.
Skyles, who was 14, was accused of molesting two boys who were 7 at the time. After Skyles became a suspect, he agreed to come to the police station with his mother, and, after receiving his Miranda rights, was questioned. He repeatedly denied any wrongdoing, and at one point said "I'm through man, that's all I'm saying." The officer interrogated him further, during which Skyles continued to deny the allegations *1085 and concluded by stating "That's all I have to say is (sic) `cause that's all I know."
The tape recorder was then turned off for a period of time after which, back on the tape, Skyles confessed on the tape to having anally assaulted both of the boys after they had pulled their pants down.
In Owen v. State, 560 So.2d 207, 211 (Fla. 1990), the Florida Supreme Court concluded that a confession was erroneously admitted because the defendant said things like "I don't want to talk about it" in response to questions about the crime, stating:
The responses were, at the least, an equivocal invocation of the Miranda right to terminate questioning, which could only be clarified. It was error for the police to urge appellant to continue his statement.
After Owen the United States Supreme Court clarified Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and held that officers are not obligated to stop questioning a suspect unless the suspect makes "an unambiguous or unequivocal request for counsel." Davis v. U.S., ___ U.S. ___, ___, 114 S.Ct. 2350, 2356, 129 L.Ed.2d 362 (1994). Davis was decided before the defendant in Owen was retried, and the state sought certiorari in this court, arguing that under Davis Owen's confession would now be admissible. Although we were bound by the supreme court's decision in Owen and thus denied certiorari, we certified the following question as one of great public importance:
DO THE PRINCIPLES ANNOUNCED BY THE UNITED STATES SUPREME COURT IN DAVIS APPLY TO THE ADMISSIBILITY OF CONFESSIONS IN FLORIDA, IN LIGHT OF TRAYLOR?[1]
State v. Owen, 654 So.2d 200, 202 (Fla. 4th DCA), rev. granted, 662 So.2d 933 (1995).
We conclude that under Owen I this confession should not have been admitted, and therefore reverse for a new trial, but certify the same question of great public importance as we did in Owen II. We reject the state's argument that Owen I is inapplicable because Skyles was not in custody. See Martin v. State, 557 So.2d 622 (Fla. 4th DCA 1990), and cases cited therein (the fact that there has not been a formal arrest does not necessarily mean suspect is not in custody).
Because the Florida Supreme Court is not bound by Owen I, and may conclude that the confession was admissible, obviating a new trial on that issue, we also address whether the trial court erred in refusing to allow one of the victims to be recalled for further cross-examination. This requires consideration of the evidence.
Sometime after the alleged assault, victim A told victim B's stepfather that an older boy had sexually assaulted B. B's stepfather asked B about the allegation, but B denied it. More than a year later, A's father read an article about a man molesting children at the neighborhood school and discussed it with his children. A few days later A told his father that Skyles had molested him and B. Subsequently, A again told B's stepfather, and after initially denying it, B then admitted to his stepfather that it had happened.
After A's father called the police, an officer interviewed A and B, and they both confirmed that the sexual assaults had occurred. They also claimed that Skyles had threatened to kill them with a pocketknife if they did not cooperate, an allegation which they both later admitted was false.
The boys were examined by a pediatrician, and both told him that the assaults had occurred. The pediatrician found a one-half centimeter scar on B's rectum, which was consistent with the abuse described.
When B testified at trial, defense counsel cross-examined him about his previous denials that the incident had occurred, and about lying about the knife. The day after B's testimony was concluded, defense counsel asked the court to recall B, because the defense had just learned that B had recently told a playmate that the sexual battery claim *1086 was a fabrication. The state objected, arguing that B's denial that the incident occurred was nothing new, and that recalling him would be cumulative. The court refused to allow the recall of B, stating:
If we do that we'll start, you know, just a continuous things what (sic) people may have told him. The Defense has got to be ready, you need to cross-examine all your potential witnesses and it's too late to recall him.
Skyles took the stand and testified that the assaults did not occur and that he had confessed only so that he could go home. He was convicted on both counts.
The trial court should have permitted the defendant to recall the victim under these circumstances. A similar situation was presented in Moran v. State, 274 So.2d 26 (Fla. 1st DCA 1973), in regard to the testimony of the 13 year old sister of the alleged victim of incest. Defense counsel asked the court to allow him to recall her, because she told him after her original testimony that she had been frightened and thus temporarily forgot the substance of a critical conversation with her sister which could have exculpated the defendant. The trial court refused, and the first district reversed, finding an abuse of discretion, because it was "vital that they [the jury] hear any witness who might shed light upon the credibility of either of the principal witnesses." Id. at 29.
The state argues that the ruling was harmless, pointing out that the jury already knew that B had, more than once, denied that the assault occurred, and that B admitted fabricating the part about the knife.
The most incriminating evidence, of course, is Skyles' confession. If the supreme court recedes from Owen I and adopts Davis, which would make the confession admissible, we would find that not recalling B was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We need not decide whether the ruling would be harmless if the supreme court adheres to Owen I, since that result would require a new trial without the confession, and the defendant would then have the opportunity to fully cross-examine the witness.
We have examined the other issue and find it to be without merit. We therefore reverse and remand for a new trial, certifying the question we certified in Owen II.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Traylor v. State, 596 So.2d 957, 961 (Fla.1992), in which the Florida Supreme Court recognized that:

Under our federalist system of government, states may place more rigorous restraints on government intrusion than the federal charter imposes; they may not, however, place more restrictions on the fundamental rights of their citizens than the federal Constitution permits.