W. SHARP, Judge.
Joiner appeals from his convictions and sentences for first degree murder[1] and grand theft.[2] His primary argument on appeal is that he was coerced and tricked into making statements used against him at trial, and that his Fifth Amendment rights were violated when he indicated he wished to stop the questioning and consult with an attorney. He argues the trial court erred in denying his motion to suppress.
The record established that Detective Grenhalg interviewed Joiner at the Sheriffs Department after his arrest. Joiner was given Miranda warnings, and the detective explained that an attorney would be appointed for him at arraignment. Joiner gave a full verbal confession.
Detective Grenhalg began helping him prepare his written statement. At that point in the process, Joiner told her that he had dreamt about killing the victim. He remarked that his lawyer would get mad at him for making that statement.[3] Joiner did not ask for an attorney or indicate he wanted the interrogation process to stop.
We do not think Joiner’s comment that his lawyer would be “mad at him” rises to even an “equivocal” request for counsel.[4] Joiner never said he did not want to answer more questions and never asked for an attorney during the interrogation. At best, it sounds bke a confessor’s remorse,
AFFIRMED,
GRIFFIN and THOMPSON, JJ., concur.

. § 782.04(l)(a)l, Fla. Stat. (1993).

. § 812.014(1) and (2), Fla. Stat. (1993).

. The specific statement was "my attorney will kill me.”

. See Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); Deck v. State, 653 So.2d 435 (Fla. 5th DCA 1995). See also People v, Wheeler, 226 Ill.App.3d 1092, 168 Ill.Dec. 915, 590 N.E.2d 552 (Ill.App.2d Dist.1992); State v. Helewa, 223 N.J.Super. 40, 537 A.2d 1328 (N.J.Super.A.D.1988).