684 So.2d 279 (1996)
STATE of Florida, Appellant,
v.
Kizzy Y. MOYA, Appellee.
No. 96-509.
District Court of Appeal of Florida, Fifth District.
December 6, 1996.
*280 Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellant.
Louis Davila of Davila & Torres, Kissimmee, for Appellee.
W. SHARP, Judge.
The state appeals from an order of the trial court which granted Moya's motion to suppress the tape of an interview with a police officer, made at a police station, on the ground that the interview should have been stopped when Moya indicated she did not want to be questioned further. In granting the motion to suppress the trial court relied upon Deck v. State, 653 So.2d 435 (Fla. 5th DCA 1995). We reverse. We do not think Deck is controlling as the circumstances evolved in this case.
Moya was interrogated by Officer Berkhardt at the police station, early in the morning (4:30 a.m.). It was clearly a custodial interrogation requiring the giving of Miranda warnings,[1] and as our Florida Supreme Court has interpreted the Florida Constitution,[2] when the suspect indicates that he or she does not want to be interrogated further, the questioning must stop. Traylor v. State, 596 So.2d 957 (Fla.1992).
Berkhardt testified (without any dispute from Moya) that he gave Moya Miranda warnings at the beginning of the interview process. Moya agreed to talk with him. At this point in the interview process, she never told him she did not want to answer his questions. She did so fully.
Berkhardt then asked Moya to repeat the interview on tape. At that stage she became evasive. Berkhardt repeated the Miranda warnings on tape, a step which was probably not necessary, having just done so at the beginning of the interview. He asked her if she wanted to talk with him. She replied: "I don't know." He then inquired how far she had progressed in school, in an effort to ascertain her level of intelligence or capacity to understanding the situation. She said she had reached the eleventh grade in school.
Again Berkhardt asked Moya if she understood her Miranda rights, and if she wished to talk to him. Once more she replied, "I don't know." These were equivocal responses.
At that point, Berkhardt had two possible options. He could terminate the interview. Or, he could try to get Moya to make a decision about whether or not to continue talking with him. Pursuant to Traylor he could not ask further substantive questions.
Berkhardt chose the second course of action. He said, "Okay. Well, you got to make the decision, yes or no." Moya replied: "Yeah, I guess. What happens, happens."
In our view, Berkhardt did exactly what this court said in Deck that he must do, in conducting a police interrogation. When faced with an equivocal answer, he stopped *281 the substantive part of the interview, and inquired whether the suspect wanted to stop talking with him. In Deck, the police office continued to ask substantive questions after being told by the suspect that he did not want to talk about it anymore. We faulted the officer in that case because he "made no inquiry as to whether Deck wished to terminate the interview after the latter's equivocal assertion of his right to remain silent."[3]
After an equivocal assertion of the right to remain silent (in this case, "I don't know"), a police officer who tries to get a yes or no response to whether or not the suspect wants to halt the interview, violates neither Miranda nor the Florida Constitution. Moya's ultimate answers, "Yeah, I guess" and "What happens, happens" were sufficient to allow the interview to go forward, particularly in this case, because she had already fully answered the officer's questions in the earlier interview process, and this was a rehash of what she had already told him.
REVERSED and REMANDED.
COBB, J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent because Moya was equivocal after the detective asked if she understood her rights and wanted to speak with him. Her statements did not clearly demonstrate a willingness to continue. On at least two occasions, when asked if she wished to talk to the detective, she said, "I don't know." Her final answers of "Yeah, I guess" and "What happens, happens" do not make her earlier statements less equivocal. The trial court thought it was a close question but felt Moya's willingness to speak was equivocal. The trial court stated:
"... I'm a little concerned about this. I think that the detective did make some attempt to clarify her position, but I'm not sure that the position taken in the light of all these circumstances, isn't still a little bit equivocal."
I would affirm. See Deck v. State, 653 So.2d 435 (Fla. 5th DCA 1995); accord Kipp v. State, 668 So.2d 214 (Fla. 2d DCA), rev. granted, 675 So.2d 121 (Fla.1996).
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Fla. Const., Art. I, § 9.
[3] Deck v. State, 653 So.2d 435 (Fla. 5th DCA 1995).