687 So.2d 37 (1997)
Osvaldo ALMEIDA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0140.
District Court of Appeal of Florida, Fourth District.
January 15, 1997.
*38 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
In this appeal from his conviction for first degree murder, the appellant claims that his taped confession to the murder in this case should have been suppressed because he made an equivocal invocation of his Miranda right to counsel which was not clarified before questioning. We agree and reverse.
The appellant was a suspect in several murders in Broward County. Appellant was taken into custody for questioning and was given his Miranda rights, signing a written waiver of those rights. One of the detectives conducting the interview then began questioning appellant on tape. The tape includes the following exchange:
Q. Prior to us going on this tape here, I read your Miranda Rights to you, that is the form that I have here in front of you, is that correct? Did you understand all of these Rights that I read to you?
A. Yes.
Q. Do you wish to speak to me now without an attorney present?
A. Well, what good is an attorney going to do?

Q. Okay, well you already spoke to me and you want to speak to me again on tape?
Q. [By another detective] We are, we are just going to talk to you as we talked to you before, that is all.
A. Oh, sure.
Appellant then proceeded to confess to another murder on tape. In later conversations, he also confessed to the murder involved in this appeal, all without the presence of an attorney.[1]
Appellant contends that the trial court erred in denying his motion to suppress his taped confession, as his comment, "Well, what good is an attorney going to do?" was an equivocal invocation of his Miranda right to counsel. As such, further questioning was prohibited until the defendant's request for counsel was clarified. Long v. State, 517 So.2d 664 (Fla.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L. Ed.2d 216 (1988).
We agree that under the relevant case law, the appellant made an equivocal invocation of his right to counsel. In Towne v. Dugger, 899 F.2d 1104 (11th Cir.), cert. denied, 498 U.S. 991, 111 S.Ct. 536, 112 L.Ed.2d 546 (1990), the court held that a suspect's question, "Officer, what do you think about whether I should get a lawyer?" was an equivocal request for an attorney which precluded further questioning before the suspect's *39 concerns were clarified. In United States v. Mendoza-Cecelia, 963 F.2d 1467 (11th Cir.), cert. denied, 506 U.S. 964, 113 S.Ct. 436, 121 L.Ed.2d 356 (1992), the court, quoting Towne, defined an equivocal request as "`an ambiguous statement, either in the form of an assertion or a question, communicating a possible desire to exercise [the] right to have an attorney present during questioning.' " Id. at 1472 (quoting Towne, 899 F.2d at 1109). In Mendoza-Cecelia the accused stated, "I don't know if I need a lawyer maybe I should have one, but I don't know if it would do me any good at this point." This too was considered an equivocal request for an attorney.
While the foregoing cases furnish grounds for determining that the appellant's statement was an equivocal request for counsel, the Supreme Court in Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), has held that when a suspect makes an ambiguous or equivocal reference to an attorney so that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking his right to counsel, cessation of questioning is not required. Rather, the suspect must unambiguously request counsel and must articulate that desire to have counsel present sufficiently clearly so that a reasonable officer under the circumstances would understand the statement to be a request for an attorney. Thus, under federal law, appellant's request was clearly not a definitive invocation of his right to counsel.
However, under state law, we find appellant's comment to be an equivocal invocation of his right to counsel. In Traylor v. State, 596 So.2d 957 (Fla.1992), in connection with the assertion of the right to remain silent, our supreme court remarked that to be admissible, confessions must pass muster under both the state and federal constitutions. Consistent with federalist principles and the doctrine of primacy, the Traylor court examined the confessions in that case under our state constitution and essentially adopted Miranda as a state-compelled procedure. It further held that under Article I, section 9 of the Florida Constitution, if the suspect indicates in any manner that he does not want to be interrogated, questioning must not begin, or, if it has already begun, must immediately stop. Our court has questioned whether the supreme court would still adhere to Traylor, which relied heavily on federal law, after the rendition of Davis. State v. Owen, 654 So.2d 200 (Fla. 4th DCA), rev. granted, 662 So.2d 933 (Fla.1995). In that case, we certified the question of whether Davis applied to the admissibility of confessions in Florida in light of Traylor. We certify the same question in this case, because the supreme court's recession from Traylor would then require affirmance of this issue in this case.
We find no reversible error in the remaining points raised by the appellant.
Reversed and remanded for further proceedings; question certified.
GLICKSTEIN and STEVENSON, JJ., concur.
NOTES
[1] An invocation by the appellant of his right to counsel during the questioning for another murder would preclude further questioning as to the murder involved in this case. See Gore v. State, 599 So.2d 978, 980-81, 981 n. 4 (Fla.), cert. denied, 506 U.S. 1003, 113 S.Ct. 610, 121 L.Ed.2d 545 (1992).