691 So.2d 55 (1997)
John WEBER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0677.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Carrion, Assistant Attorney General, West Palm Beach, for appellee.
MAY, MELANIE G., Associate Judge.
Four attacks are made on appeal against the conviction of the defendant John Weber on one count of lewd assault and eleven counts of sexual battery. Only one of the claims warrants a reversal. We affirm on the first three grounds. The issue of concern is the trial court's denial of the defendant's motion to suppress. On this issue, the defendant raises a smorgasbord of reasons to reverse, one of which we agree requires reversal under the existing law in this jurisdiction.
The victim is the son of the defendant's live-in girlfriend. He alleged that the defendant had engaged in repetitive acts of sexual misconduct with him over a one year period of time. After initially denying the allegations, Weber travelled to the police station where he took a polygraph examination and made a statement to the police.
Weber claims in this appeal that during his encounter at the police station he inquired regarding counsel, but he was neither afforded counsel nor properly advised of his right to counsel. It is undisputed that Weber never made an unequivocal request for the appointment of a lawyer. However, the facts surrounding the defendant's invocation of his right to counsel are disputed.
Weber testified that Sgt. Smith informed him of his Miranda rights prior to the polygraph examination. After the exam, Sgt. Smith informed Weber he had failed the examination and placed him under arrest. According to Weber, Smith screamed at him until he cried. Smith then suggested a deal, which included counseling for Weber. Smith told him that he thought that they should stop discussing the issue so that Weber could get an attorney.
Weber responded that he did not have an attorney and could not afford one. Smith then told him that the court would appoint one for him. According to Weber, he took that to mean he would not get a lawyer until he appeared in court. He didn't think he was entitled to a lawyer during questioning.
Sgt. Smith admitted that Weber may have asked about a lawyer, and that he responded that "one would be furnished for him." He *56 remembered specifically that Weber did comment that he could not afford an attorney. Smith then testified that Weber never actually asked for a lawyer or refused to talk to the police without speaking to an attorney. Smith recalled Weber asking about a deal and that Smith indicated he should get an attorney for this purpose.
Officer Ponce testified that after Weber left Smith's examination room, they went straight into an interview room where Weber confessed on tape to molesting the child victim. Ponce did not give Miranda warnings again before obtaining the confession, but merely inquired if he remembered them. Weber never once indicated that he wished to stop talking and Ponce never promised Weber any leniency if he admitted his guilt. Ponce did not recall any conversation about Weber asking about a public defender.
The U.S. Supreme Court has held that to invoke the right to counsel, the defendant must make an unequivocal request to invoke that right. Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). The Florida Supreme Court, however, has not reached this conclusion. And, this Court has repeatedly adhered to the Florida Supreme Court's current position that even an equivocal request for counsel sufficiently asserts this constitutional right. See, e.g., Almeida v. State, 687 So.2d 37 (Fla. 4th DCA 1997); Skyles v. State, 670 So.2d 1084 (Fla. 4th DCA), rev. granted, 679 So.2d 774 (Fla. 1996); and State v. Owen, 654 So.2d 200 (Fla. 4th DCA), rev. granted, 662 So.2d 933 (Fla. 1995).
We do not find Weber's questions to be an unequivocal request for counsel, but do find that they constitute an equivocal invocation of his right to counsel. This assertion requires law enforcement to clarify the assertion before the continuation of any interrogation. Because that did not occur, the statement should have been suppressed. Slawson v. State, 619 So.2d 255 (Fla.1993), cert. denied, 512 U.S. 1246, 114 S.Ct. 2765, 129 L.Ed.2d 879 (1994); and Deck v. State, 653 So.2d 435 (Fla. 5th DCA 1995).
We certify the question of whether Davis applies to the admissibility of confessions in Florida in light of Traylor v. State, 596 So.2d 957 (Fla.1992). Until an answer is forthcoming, we reverse on this issue.
Reversed and remanded for further proceedings; question certified.
DELL and PARIENTE, JJ., concur.